## Case No. 908.

### BANK OF THE UNITED STATES v. BENNING.

[4 Cranch, C. C. 81.] [1]

Circuit Court, District of Columbia. May Term, 1830.

EVIDENCE—DEFECTIVE RECORDS—ESTOPPEL BY DEED—CONVEYANCES.

1. If the proceedings in equity have not been recorded at full length, the original papers, documents, and docket-entries may be adduced and used in court as constituting the record of the case.

[Cited in Bruce v. Manchester & K. R. R., 19 Fed. 346.]

2. An original deed, which has been recorded in the land-records under a decree in chancery in conformity with the act of the legislature of Maryland, 1792, c. 41, § 3, may be adduced in a subsequent action of ejectment, and identified as the deed thus ordered to be recorded, although it did not continue to remain on file in the suit in which it was ordered to be recorded.

3. The record copies in the books of land-records may be read in evidence without proving the execution or loss of the original deeds.

[See Peltz v. Clarke, Case No. 10,914; same case, on appeal, 5 Pet. (30 U. S.) 481; Beall v. Dick, Case No. 1,162; Thomas v. Magruder, Id. 13,904.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

4. Parol evidence may be given that the persons who took and certified the acknowledgment of a deed of real estate were, at the time of taking and certifying the same, justices of the peace; and it is not necessary that their official character should appear on the face of their certificate of acknowledgment.

[See Van Ness v. Bank of U. S., 13 Pet. (38 U. S.) 17; Shults v. Moore, Case No. 12,824; Willink v. Miles, Id. 17,768.]

5. The parties to deeds are estopped to deny the truth of the recitals therein; and if the deeds are offered only to show the transmission of the legal title, the truth of the recitals need not be proved aliunde.

6. If a deed of bargain and sale be made by a trustee, the legal estate passes whether the terms of the trust are complied with, or not; for if the bargainee takes with notice, he himself stands as trustee in place of the bargainor; if without notice and for valuable consideration, he takes an absolute title; for a trustee conveys by virtue of the legal estate vested in him, and not by virtue of a power.

7. A deed of bargain and sale by a person not in possession is void.

8. When the plea is not guilty, or defence on title, the defendant may give evidence of possession without warrant and location.

At law. Ejectment for the western moiety of lot No. 2, in the square No. 348, in the city of Washington.

It was agreed that the plaintiffs need not trace their title farther back than to the commissioners of the city of Washington. The plaintiffs claimed title by a deed from those commissioners to John Murdoch, December 19, 1801; from Murdoch to Walter Smith, April 5, 1805; and from Charles Lowndes to the said Smith, May 3, 1803; from the said Smith to Benjamin Stoddert, March 5, 1807; from Stoddert to T. G. Slye, March 5, 1807; and from Slye to the lessors of the plaintiffs, July 10, 1828.

Upon the trial, Mr. Key, for the plaintiff, offered to read these deeds from the copies in the land-record books of this county; except the deed from Stoddert to Slye, the original of which he produced, dated March 5, 1807, but not recorded until July 27, 1826, when it was recorded under a decree of this court as a court of chancery, in pursuance of the provisions of the Maryland act of assembly of 1792, c. 41, § 3, upon a petition by the Bank of Columbia, who then claimed under the deed. The record of that case not having been made out in full by the clerk, the plaintiffs' counsel offered to read to the court the original papers, docket-entries, and minutes of the proceedings and decree in that case; but the original deed, which had been filed with the petition and continued on the files in that cause until the passing of the decree for recording, had been taken from the files to be recorded in the book of land-records, with the decree, and after being recorded, was delivered to petitioners, who kept it till it was now produced here in court. No other evidence was offered of its execution, but the clerk had by an indorsement upon it certified that it was recorded by virtue of the decree of the court.

It appeared by the recitals in some of the deeds, that the deed from Murdoch to Walter Smith was a trust-deed, and the defendants contended that the plaintiffs must show that the deed from W. Smith to Stoddert was in pursuance of, or in conformity with, the terms of the trust; and that the facts stated in the recitals must be proved aliunde, as the defendant not being a party to nor claiming under these deeds, is not bound by those recitals.

The defendant's counsel, Mr. Coxe and Mr. Jones, objected, that it did not appear by the certificate of the persons who took and certified the acknowledgment of the deed from W. Smith to B. Stoddert that they were then justices of the peace.

The plaintiffs' counsel then offered parol evidence of that fact, and that they were then known and acting as such, and also the record of their qualification as such by taking the oaths of office.

To all the evidence so offered on the part of the plaintiff the defendant's counsel objected.

But THE COURT (THRUSTON, Circuit Judge, absent) overruled all the objections, and permitted the evidence to go to the jury; (the defendant not having shown any title or color of title in himself;) CRANCH, Chief Judge, however, doubting whether the record-copies of deeds can be read in evidence without showing the loss of the original.

THE COURT also held and decided,

1. That the deed from Lowndes to Smith may be given in evidence without showing what sort of interest the grantor had, because the legal estate is not claimed through him.

2. That it was not necessary, in order to admit the deed from Smith to Stoddert to be recorded, that the certificate of acknowledgment should state upon its face, that Thomas Corcoran and Richard Parrott, who took and certified the acknowledgment, were justices of the peace at the time of that acknowledgment.

3. That the recitals in the deeds, are evidence as between the parties to those deeds, of the facts therein stated; that those parties are estopped to deny the truth of those facts; and that, as the purpose of offering those deeds on the part of the plaintiff is only to show the transmission of the legal title from the bargainors to the bargainees, it is not necessary for the plaintiff to prove the truth of those recitals.

4. That it is not necessary for the plaintiff to show, that W. Smith, the trustee, had precisely followed the terms of the trust; but that the legal estate would pass to the bargainee, whether the terms of the trust were complied with or not. If the bargainee took with notice of the trust, he would stand as trustee in the place of W. Smith; if without notice and for valuable consideration, then he took an absolute title; so that, in either event, the legal title would pass, and the

cestui que trusts only could complain; and that, in a court of equity. W. Smith did not convey by virtue of a power; but by virtue of the legal title vested in him.

The defendant then offered evidence that he and those under whom he claimed, were in possession, under an adverse claim of title from the year 1816 up to, and at the date of the deed from Slye to the Bank of the United States.

Mr. Key, for the plaintiff, objected to evidence of possession without a warrant and location.

THE COURT overruled the objection; the plea being not guilty or defence on title.

THE COURT (nem. con.) was of opinion that as Slye was not seized of the lot at the date of his deed of bargain and sale to the Bank of the United States, the plaintiff could not recover in this action.

Verdict for the defendant. The plaintiff took a bill of exceptions, but no writ of error was issued.