BLAKE, The JULIA. See Case No. 7,578.

## Case No. 1,493.

### BLAKE v. ALABAMA & C. R. CO. et al.

[6 N. B. R. (1873) 331.][1]

Circuit Court, D. Alabama.

COURTS — CONCURRENT JURISDICTION OF FEDERAL AND STATE COURTS—EFFECT OF ACQUISITION OF JURISDICTION.

1. On review of a motion in the United States court to appoint a receiver to take possession of the property of a corporation already ordered to be delivered to a receiver appointed by a state court. *Held*, that the jurisdiction of the two courts was concurrent; that the jurisdiction of the state court was first invoked and asserted, consequently no court of concurrent jurisdiction can or ought to interfere with it.

[Cited in Bruce v. Manchester & K. R. R., 19 Fed. 345.]

2. Motion continued, to allow the defendants to set up the facts in regard to the proceedings

[1] [Reprinted by permission.]

of the chancery court of Sumter county by formal answer.

[In equity. Reargument of motion to appoint a receiver of defendant, a bankrupt. Denied.]

Rice, Morgan & Southworth, for complainant.

Elmore, Walker, Brooks, O'Neil, Stone & Troy, for defendants.

WOODS, Circuit Judge. I have listened with interest and attention to the re-argument of the motion for the appointment of a receiver in this case, and upon the points argued and decided at the first hearing have not been able to reach any different conclusions from those already announced. On the re-argument, however, a fact in the case was stated and pressed upon the attention of the court, which was not stated in the first argument, or if it was, must have been overlooked. It is now stated, and the statement is supported by affidavits, that on the fourth day of September, eighteen hundred and seventy-one, a bill was filed in the name of the state of Alabama, complainant, in the chancery court of the state of Alabama for the county of Sumter, against the Alabama & Chattanooga Railroad Co. and others, defendants, seeking a foreclosure of the first mortgage executed by said railroad company upon its property and franchises, on account of interest due on the bonds secured by mortgage, which interest has been paid by the state of Alabama, in default of payment by the railroad company, and praying the appointment of a receiver of the property and effects of said company. That upon the motion for the appointment of a receiver, said cause had been heard by the chancellor of the western division of the state of Alabama, who had sustained the motion, and appointed Charles Walsh, receiver, and that Walsh had accepted said trust and given bond. The interlocutory decree of the state chancellor, appointing a receiver, directs him to take possession of all the property both real and personal, within the state of Alabama, of said railroad company, and if the same is not delivered that a writ of possession be issued by the register of the court, and a writ of attachment against all persons refusing to deliver said property.

The bill in this case now on hearing was not filed until the twelfth day of September, eighteen hundred and seventy-one, eight days after the filing of the bill in the state chancery court. The motion is now to appoint a receiver to take possession of the property already ordered to be delivered to Walsh by the state chancery court.

On a motion addressed to its sound discretion, ought this court to make the order prayed for? The state court had jurisdiction of the subject matter of the suit before it and of the parties. Its jurisdiction was first invoked and asserted. It is too well

settled to need citation of many authorities that as between courts of concurrent jurisdiction that which first acts is entitled to exercise its jurisdiction to the exclusion of the others. The courts of the United States and those of a state have concurrent jurisdiction in many cases, but when persons or property are liable to seizure or arrest by the process of both that which first attached is entitled to the preference. Ex parte Jenkins [Case No. 7,259]; Smith v. McIver; 9 Wheat. [22 U. S.] 532; Shelby v. Bacon, 10 How. [51 U. S.] 56; Taylor v. Carryl, 20 How. [61 U. S.] 583; Mallett v. Dexter [Case No. 8,988]; The Robert Fulton [Id. 11,890]; Ex parte Robinson [Id. 11,935].

In Wiswall v. Sampson, 14 How. [55 U. S.] 52, the supreme court held that when certain lands were held in the hands of a receiver appointed by the chancery court of Alabama in a case pending before it they could not be sold by the marshal upon process of execution issuing out of the circuit court of the United States for that district, although the judgment upon which the process issued was a lien upon the land, and the execution was laid before the receiver obtained actual possession of the property. In the same case the court says: "When a receiver has been appointed his possession is that of the court, and any attempt to disturb it without leave of the court first obtained will be a contempt on the part of the person making it. This was held in Angel v. Smith, 9 Ves. 335, both with respect to receivers and sequestrators. When, therefore, a party is prejudiced by having a receiver put in his way the course has been either to give him license to bring an ejectment or to permit him to be examined inter esse suo."

So in Peale v. Phipps, 14 How. [55 U. S.] 374, under note of the legislature of Mississippi, the charter of the Agricultural Bank had been declared forfeited, and the plaintiff in error appointed trustee. Commissioners, also, were at the same time appointed to audit the accounts, who rejected the claim sued on. Upon their refusal to allow it the defendants in error instituted proceedings in the circuit court of the United States for the eastern district of Louisiana. Upon these facts the court says: "We see no ground upon which the jurisdiction of the court can be sustained. The plaintiff in error held the assets of the bank as the agent and receiver of the court of Adams county, and subject to its order. He had given bond for the performance of this duty, and would be liable to an action if he paid any claim without the authority of the court from which he received his appointment, and to which he was accountable. The property in legal contemplation was in the custody of the court of which he was an officer, and has been placed there by the laws of Mississippi; and while it thus remained in the custody and possession of that court, awaiting its order and decision,

no other court had a right to interfere with it or to wrest it from the hands of its agent, and thereby put it out of his power to perform his duty."

The case of Williams v. Benedict, 8 How. [49 U. S.] 107, is also in point: By a law of Mississippi, if it appeared to the orphans' court that the estate of a deceased person was insolvent, it was made the duty of the court to direct the property to be sold by the executor or administrator, and to appoint commissioners to audit the claims of creditors, and to distribute the proceeds of the property among the creditors in proportion to the sum due them respectively. The appellant was the administrator of the intestate whose estate had been declared insolvent by the orphans' court. But the appellees had obtained a judgment against the administrator in the district court of the United States for the northern district of Mississippi, before the adjudication of insolvency by the orphans' court, and issued an execution, and laid it upon property upon which his judgment was a lien in case the estate was not insolvent. And upon a bill filed by the appellant to obtain an injunction staying proceedings upon this execution the appellees insisted that the estate was not insolvent, but had been wasted by the administrator, and that the proceedings in the orphans' court under the law of Mississippi were in bar to his recovering in a court of the United States, and the district court was of that opinion, and dismissed the appellant's bill. But the decree was reversed by the supreme court of the United States upon the ground that the jurisdiction of the orphans' court had attached to the amounts, and that they were in gremio legis, and could not be seized by process from another court.

The result of these authorities is, that when a court having jurisdiction has exercised and has taken possession of property rightfully, and is in the process of administering it, no court of concurrent jurisdiction ought to interfere with it, or can interfere. The chancery court of Sumter county is a court of general equity jurisdiction. It has obtained jurisdiction over the person of the defendant, the Alabama and Chattanooga R. R. Co., in a bill to foreclose a mortgage on property within its territorial jurisdiction. It has made a decree for the appointment of a receiver, and has directed him to take possession of and administer the property of the railroad company within the state of Alabama. Whether he has taken actual possession is a matter of no consequence. He has the right as the officer of the court, and it is his duty to take possession. How, then, can this court interfere with his lawful authority, and the lawful powers of the court by whom he is appointed? Suppose this court appoints a receiver, as prayed, how is he to get possession of the property which is in course of admin-

istration in another court? Suppose the receiver of that other court resists, as is his duty, the authority of the receiver appointed by this court? We should have a scandalous spectacle of a contest between courts of concurrent jurisdiction, which it is the imperative duty of such courts to avoid, a contest in which this court would be clearly in the wrong. For in these matters qui prior in tempore potior est in jure.

I have examined the cases cited by counsel for complainant (Buck v. Colbath, 3 Wall. [70 U. S.] 334; Watson v. Sutherland, 5 Wall. [72 U. S.] 74; Payne v. Hook, 7 Wall. [74 U. S.] 425; Covington Drawbridge Co. v. Shepherd, 21 How. [62 U. S.] 112), and can find in them no warrant for such action as is asked of this court. It is to be noted that the purpose of this bill is to obtain the appointment of a receiver to take possession of and administer property which is already in the hands of another court and in process of administration. This court could not even enjoin, on a bill filed for that purpose, the proceedings of the state court, much less can it interfere with its action in an irregular and forcible manner. For unless the proceedings in the Sumter chancery court are void, the question between that court and this on the appointment of the receiver here prayed for, would be a question of force to be decided by wager of battle. The Sumter court has this property in hand to be administered in a certain way for a certain purpose. Because this court desires to administer it in the different way it would not be authorized to interfere with the proceedings of the state court.

There is but one ground upon which this court would be justified in the action invoked, and that is, the want of jurisdiction in the state court, and as a consequence, the invalidity of its proceedings.

The state is authorized by section 3323, Revised Code, to sue a citizen of the state or a domestic corporation, in chancery, and the suit is to be governed by the same rules as suits between individuals. The state has a mortgage lien upon the property of a domestic corporation, the Alabama and Chattanooga Railroad Co. She may, under this clause, foreclose her mortgage by bill in equity. This is a right which all mortgagees have for default in payment of either principal or interest, secured by the mortgage. If it should turn out to be true that neither principal nor interest was due on the mortgage, that is a matter of defense which would not oust the jurisdiction of the court. It would have jurisdiction to try the question whether the principal or interest was due. And if the defendant should set up by way of defence that the state had, under a contract not to foreclose until the entire amount secured by the mortgage, both principal and interest, became due, such defense, even if established, would not oust the jurisdiction of this court. It would have jurisdiction to try the question whether the state had made any such contract. The proceedings to foreclose would not be void for want of jurisdiction, because the defendant might have a good defense.

But I am quite clear that the state has made no contract by which she has denied herself the right to foreclose her mortgage for non-payment of interest. The law authorizing her to sue in equity was in the statute book when the internal improvement act was passed. The remedies granted by that act appear to be merely accumulative, leaving the state her option either to follow them or to pursue her rights as a mortgagee.

I am satisfied that the state had the right to sue; that the chancery court of Sumter county had jurisdiction of the person of the defendant, and of the subject matter of the suit, and that this jurisdiction is not ousted by the fact that the defendant claims that the state cannot now maintain her action—in other words that her suit is premature. Whether the defence is a good one is for the decision of the court where the suit is pending.

There appears to be no obstacle to prevent the complainant in this case from making himself a party to the suit in the state court. The law authorises the state to file its bill in equity against a domestic corporation and the suit is to be governed by the same rules as suits between individuals. All persons, whether residents of the state or not, who are interested in the subject matter of the suit, may be, on petition, made parties defendant, and being made parties, they have the same right against the state as in a suit between individuals. They are authorised to make their defence according to the practice of court of equity, and if a cross bill is necessary to his complete defence, to file a cross bill. If this right were denied them the suit would not be governed by the same rules as suits between individuals.

The relief, then, for which the complainant seeks in this case, he may obtain by becoming a party defendant to the suit in the Sumter chancery court, which has first obtained jurisdiction of the subject matter. But even if he could get a larger and more satisfactory measure of relief in this court, that would not justify this court in an interference with the jurisdiction and proceedings of another court of concurrent power. I can find no authority for such action. No case has been shown where a court of chancery has undertaken to wrest property from another court of chancery of concurrent jurisdiction, because it thought its own power better fitted to give complete and ample relief. If this court fails to respect the jurisdiction and proceedings of the state courts, how can it claim immunity for its process and proceedings from them? If the wise and salutary rule, that the court first obtaining jurisdiction shall have the preference, is disregarded, we shall have the unseemly

spectacle often presented of violent conflicts between courts of concurrent jurisdiction, disgraceful to the administration of the law and promotive of conflict and disorder.

I find, therefore, in the action of the state chancery court for the county of Sumter, an insuperable obstacle to the granting of the motion for a receiver in this case, at this time, and the motion will be continued, to allow the defendants to set up the facts in regard to the proceedings of the chancery court of Sumter county by formal answer.

[NOTE. For denial of a similar motion, see Alabama, etc., R. Co. v. Jones, Case No. 127. For reversals of the adjudications of bankruptcy against defendant, see In re Alabama, etc., R. Co., Id. 124; Alabama, etc., R. Co. v. Jones, Id. 126.]