BRUCE and others *v.* MANCHESTER & K. R. R. and others.

*(Circuit Court, D. New Hampshire.* February 14, 1884.)

1. COURTS OF CONCURRENT JURISDICTION — JURISDICTION ACTUALLY ACQUIRED.
    Of two courts having concurrent jurisdiction of any matter, the one whose jurisdiction first attaches acquires exclusive control of all controversies respecting it involving substantially the same interests.

2. SAME—FORECLOSURE OF MORTGAGE ON RAILROAD.
    Accordingly, where the supreme court of New Hampshire decreed the foreclosure of a deed of trust and mortgage of a railroad, and the property was actually sold, *held,* that the circuit court of the United States could not entertain a bill to enforce the operation of the road by trustees for the benefit of its stockholders, although the bill was filed before the sale, and the sale when made was declared to be subject to the result of the suit in the circuit court.

3. RECEIVER—POSSESSION OF THE COURT.
    The possession of a receiver is the possession of the court appointing him, and cannot be divested by a court of co-ordinate jurisdiction.

4. EVIDENCE—ADMISSIBILITY—RECORDS.
    The admissibility of copies of a record in evidence does not render the record itself inadmissible.

In Equity.

*F. A. Brooks,* for complainants.

*S. N. Bell, Briggs & Hull, Wm. E. Chandler,* and *Wm. L. Foster,* for defendants.

CLARK, J. The Manchester & Keene Railroad was incorporated by the legislature of New Hampshire, July 16, 1864. On the twenty-ninth of May, 1878, it issued its bonds to the amount of $500,000, bearing date July 1, 1876, and payable July 1, 1896, with 6 per cent. interest, semi-annually. To secure the payment and interest of these bonds, it mortgaged its road and franchises, and all the property connected therewith, to Cornelius V. Dearborn, J. Wilson White, and Farnum F. Lane, trustees. By this mortgage it was stipulated that if said railroad failed for a period of six months to pay the interest of said bonds, upon a request of a majority of the holders, the trustees might declare the principal of the bonds to be payable forthwith, and make demand therefor, and for arrears of interest, and upon failure of payment of the same, within 10 days after demand, might sell the railroad, property, and franchise by public auction, and make due conveyance of the same. The railroad made default in the payment of its interest, and on the twenty-ninth day of April, 1880, Samuel W. Hale, Henry Colony, John Y. Scruton, and William P. Frye filed a bill of complaint in equity in the supreme court of New Hampshire against the Nashua & Lowell Railroad, the Manchester & Keene Railroad, and Dearborn, White, and Lane, trustees. The bill alleged that the complainants were bondholders of the Manchester & Keene road, and, among other things, that by reason of the want of care and proper management of the directors and trustees, the interest of said bonds had become overdue, and been unpaid for more than two years, though demanded, and the road itself was unused, neglected, and rapidly go-

ing to ruin. It prayed, among other things, that a receiver might be appointed for the protection and preservation of the road; that two of the trustees, Dearborn and White, might be removed, and others appointed in their places; and that a foreclosure of the mortgage might be made. Of this bill of complaint the supreme court of New Hampshire took immediate cognizance, and appointed a receiver to take possession of the road. On the eighteenth day of August, thereafter, it removed two of its trustees, Dearborn and White, and appointed James A. Weston, George A. Ramsdell, and John Kimball in their places, and that of Lane, who had resigned, and they afterwards became parties to the bill. The bill was then amended so as to allow other bondholders to come in and constitute the same a proceeding of all the bondholders who should desire to become parties thereto; and they did so come in, among others the Nashua & Lowell Railroad, which had been made party defendant in the bill. At the September trial term of the court, 1880, a hearing was had upon the bill, and the pleadings connected therewith, and certain questions of law were reserved and transferred to the full bench of the supreme court. These questions were heard at the March term, 1881, decided, and the case remanded for a decree in accordance therewith; and at the May trial term next following, a default and breach of the condition was adjudged to have taken place, and a decree entered that a foreclosure be made by a sale at auction of the road, its franchise and property, and that notice be given by publication for the presentation by the bondholders of their bonds before August 5, 1881.

At the September term, (September 2, 1881,) an order was made allowing the bondholders to hold a meeting for the choice of trustees, if they desired; and that if no such meeting was held within 10 days, the trustees which had been appointed by the court should proceed to foreclose the mortgage by a sale according to the decree of the court at the preceding May term. No such meeting of the bondholders was held, and on the twentieth day of September, 1881, in accordance with the order of the court, the trustees advertised said road, its franchises and property, for sale at public auction, Wednesday October 26th, at 12 o'clock noon, at which time the property was sold subject to the result in this suit. November 21st the trustees made report of the sale to the court, and the sale was ratified and approved. On the twenty-fourth of October, 1881, two days before the sale of the road under the order of the court was to take place, and with full knowledge of the proceedings in the supreme court of New Hampshire, either by themselves or their attorney, the complainants in this case filed their bill against all the parties complainant in the New Hampshire court; and Charles H. Campbell, who was advertised as auctioneer to sell the road, alleging that they were bondholders of said road; that the road was in default of the payment of its interest, and the condition of the mortgage broken; and asking this court to order an account to be taken of what is due

and owing to all the holders of said bond secured by the mortgage of May 29, 1878, and now payable; and that said Manchester & Keene Railroad may be ordered to pay and satisfy the same at some short day, to be fixed by the court, together with the costs of suit, and in default thereof that the said Lane, White, and Dearborn, as trustees. under said mortgage, or that such other persons, if any there be, who may or shall have succeeded to the office of trustees under said deed of trust, in pursuance of the terms of said deed, in the place and stead of said Lane, White, and Dearborn, by lawful right may be required by order of this court to take possession of said Manchester & Keene Railroad, and of all the property embraced in said mortgage, and either operate the same personally, and take the earnings thereof, or else to lease said railroad to be operated by others, at a rental, for the benefit of said bondholders, as is provided in and by said deed of trust, and that the said Hale and Colony and Frye and Scruton and Campbell, and any other person or persons who may become the pretended purchasers of said railroad at such pretended sale, may be restrained from resisting the said Lane, White, and Dearborn in discharge of their duties under said mortgage pursuant to the order of this court.

To this bill of complaint the Manchester & Keene Railroad has made answer, setting forth the proceedings of the supreme court of New Hampshire, its orders and decrees in relation thereto, the sale of the road, and the foreclosure of the mortgage. Other parties defendant have made answer, but as no relief is claimed against them, those answers are not material to the decision of this case. The Boston & Lowell Railroad have withdrawn as complainants, and the remaining complainants make no denial or question of the jurisdiction of the supreme court of New Hampshire in the premises. The question then comes distinctly, whether, upon the bill and answer as thus stated, this court should grant the relief prayed for, and the answer must be that it should not. The subject-matter of the two suits— the one in the New Hamphire supreme court and the one in this court—is substantially the same: the Manchester & Keene Railroad, and its default in the payment of the interest on its bonds secured by the mortgage of May 29, 1878, and the relief of its bondholders. The relief asked was somewhat different, but the subject-matter the same. Over this matter the two courts have concurrent jurisdiction, and the rule has been established, by a long line of almost unbroken decisions, that in all cases of concurrent jurisdiction the court which first has possession of the subject-matter must decide it. Chief Justice MARSHALL thus announced the rule in *Smith* v. *McIver*, 9 Wheat. 532, and it has been followed in many cases since. *Mallett* v. *Dexter*, 1 Curt. 178; *The Robert Fulton*, 1 Paine, 621; *Ex parte Robinson*, 6 McLean, 355; *Board of F. Missions* v. *McMasters*, 4 Amer. Law Rev. 526; *Ex parte Sifford*, 5 Amer. Law Rev. 659; *Parsons* v. *Lyman*, 5 Blatchf. C. C. 170; *U. S.* v. *Wells*, 20 Amer.

Law Rev. 424; *Crane* v. *McCoy,* 1 Bond. 422 ; *Blake* v. *Railroad,* 6 N.
B. R. 331; *Levi* v. *Life Ins. Co.* 1 Fed. Rep. 206 ; *Hamilton* v. *Chouteau,*
6 Fed. Rep. 339; *Ins. Co.* v. *University of Chicago,* Id. 443; *Walker*
v. *Flint,* 7 Fed. Rep. 435 ; *Wire Co.* v. *Wheeler,* 11 Fed. Rep. 206;
*Ins. Co.* v. *Railroad,* 13 Fed. Rep. 857; *The J. W. French,* Id. 916 ;
*Stout* v. *Lye,* 103 U. S. 66.

The jurisdiction of the supreme court of New Hampshire first at-
tached, and it had the right to proceed to the final determination of
the cause, to the exclusion of this court upon the same subject-matter.

In *Peck* v. *Jenness,* 7 How. 612, Mr. Justice Grier, delivering the
opinion of the court, says: "It is a doctrine too long established to
require a citation of authorities, that when a court has jurisdiction it
has a right to decide every question which occurs in the cause, whether
its decisions be correct or otherwise; its judgment, till reversed, is
regarded as binding on every other court; and that where the jurisdic-
tion of a court, and the right of the plaintiff to prosecute his suit in
it, have once attached, that right cannot be arrested or taken away
by proceedings in another court." "This rule," says the court, "is
founded not only in comity, but in necessity. If one could adjudge
and the other reverse, the contest might go on until parties tired,
justice was delayed, and the courts were in contempt."

Again, when the bill of complaint was filed in this case, the Man-
chester & Keene road was in the hands of a receiver appointed by the
supreme court of New Hampshire. The possession of that receiver
was the possession of that court, and this court could not divest or
disturb that possession, as it must do if it granted the relief prayed
for. *Taylor* v. *Carryl,* 20 How. 583; *Hagan* v. *Lucas,* 10 Pet. 100;
*Freeman* v. *Howe,* 24 How. 450; *Buck* v. *Colbath,* 3 Wall. 334; *Walker*
v. *Flint,* 7 Fed. Rep. 435.

It is contended by the complainants that the sale of the road by
the trustees under the order of the court of New Hampshire was
made subject to the result in this suit, and therefore the relief prayed
for should be granted; but that contention cannot be assented to.
The decree of the court of New Hampshire was absolute, and without
condition, that a foreclosure of the mortgage should be made by a
sale of the road. That decree this court cannot reverse or set aside,
as it practically must do if it now grants the relief prayed for by the
complainants. The court of New Hampshire ordered the trustees
to sell the road; this court is asked to order the trustees to run or
lease the road for the benefit of the complainants. The one is in-
consistent with the other. The sale of the road was operative to fore-
close the mortgage, and transfer the road to the purchaser, divested
of that incumbrance; and if so, this court cannot treat the mortgage
as still subsisting, and take the road out of the possession of the pur-
chaser or of its present owner.

An objection was made at the hearing that the original records of
the court of New Hampshire, produced by the clerk, were not com-

petent evidence; that copies should have been produced. This objection the court overruled. Copies of record are admitted from necessity, because the originals cannot be produced. The originals are the best evidence, and the admission of copies does not exclude the originals when they can be produced. In *Cate* v. *Nutter*, 24 N. H. 108, it was held that where a copy of a record is admissible in evidence, the record itself is equally admissible. So, in *Jones* v. *French*, 22 N. H. 64. The papers admitted as evidence were not an extended record; none had been made, but various orders and decrees of the court, and in such case, in proceedings in equity, the original papers and docket entries will be deemed the record. *U. S. Bank* v. *Benning*, 4 Cranch, C. C. 81.

On consideration the ruling of the court was correct, and the bill in this case should be dismissed.