In the matter of FRANCES A. ROBBINS, Insolvent.

November 9, 1886.

Insolvency—Personal Liability of Assignee for Failure to Pay Dividend to Releasing Creditor—Bona Fides.—The assignee of an insolvent estate is responsible for the exercise of good faith and reasonable diligence in the administration of his trust, and such is the measure of his liability.   Accordingly, where an assignee used reasonable diligence in searching for and in endeavoring to ascertain what releases of their claims against an insolvent had been filed by creditors with the clerk in pursuance of the statute, and the releases of certain creditors which had been actually filed, but had been, by mistake, misplaced among the files in another case, and of the filing of which no notice was given him, were not found, and did not come to the knowledge of the assignee till after

the distribution by him in good faith, upon an order of the court, of the assets among the other creditors who had filed releases, *held*, that such assignee was not personally liable for the amount of the dividends claimed by the creditors so omitted in such distribution.

Appeal by I. B. Rosenthal and others, creditors of the insolvent in these proceedings, from an order of the district court for Hennepin county, *Lochren*, J., presiding, denying their application for an order directing the assignee to pay to them certain dividends, and, in case of failure to pay the same, for leave to prosecute the bond of the assignee.

*Torrance & Fletcher*, for appellants.

*Lane & Dodge*, for respondent.

VANDERBURGH, J. This is a case arising under the insolvent law of 1881. In the course of proceedings for the settlement of the estate, the assignee, September 19, 1885, procured an order from the court requiring the creditors of the insolvent to file releases of their claims with the clerk of the court within 20 days, or be barred from participation in the assets of the estate. The appellants herein accordingly duly filed such releases on the third day of October, 1885. These releases were received by the clerk, and filed by him on that day, but were misplaced, and left with the files of another case, so that the fact of their existence did not come to the knowledge of the assignee till after the distribution of the estate. On the 30th day of October thereafter the assignee procured an order to show cause why his account should not be allowed, which order was duly served, and on the same day he filed his account, with a report of the creditors who had filed releases, which report did not include the appellants, for the reason above stated. On the 21st day of November following, being the day named in the order to show cause, the court duly allowed the account of the assignee for his services and expenses, and ordered that the balance in his hands, viz., "the sum of $2,794.81, should be distributed equally among all the creditors of said Frances A. Robbins who have filed their claims and releases as provided by law." The accounts and claims of the appellants appear to have been duly filed and proved. The assignee thereupon made distribution of all the money in his hands among the creditors

embraced in his report to the court, but omitted the appellants in such distribution, who did not appear on the return-day of the order, and had no knowledge that they were not included in the list of creditors entitled to share in the fund until after the distribution. They thereupon duly petitioned the court for an order directing the assignee to pay them their *pro rata* share, or, upon his default, allowing them to prosecute his bond as assignee. They appeal from the order denying such application.

The statute requires releases to be filed with the clerk, instead of the assignee, and omits all provisions for actual notice to him, nor does it define the effect of such filing as notice. The rule is that the assignee is held to the exercise of due diligence and good faith in the administration of his trust. If he satisfies these conditions, he and his bondsmen are not liable. Burrill, Assignm. § 459.

In this case the evidence on the part of the assignee shows that he made, and caused to be made, search for all releases filed in this matter by creditors before he made his report and petition for the allowance of his account; and again, on the 21st day of November, 1885, he also made similar search for releases, and found none executed by these petitioners; and his affidavit shows that such releases were not entered or filed by the clerk among the files of this estate, but were misplaced among the files of the estate of another insolvent. The petitioners fail to show, I think, that the assignee did not exercise due diligence up to the time of the distribution. If he had been notified that the releases had been filed, or had knowledge of facts sufficient to put him upon inquiry, so that he ought reasonably to have ascertained the truth of the matter, then the law would charge him with negligence in failing to include the petitioners among those paid; and their petition ought to have been granted, in so far, at least, as to have allowed an action to be brought on the bond of the assignee. But, as we understand, the petitioners do not predicate their claim for relief on the ground of the negligence of the assignee in omitting or failing to find the releases, but their application proceeds upon the theory that if the claim of a creditor is duly proved, and the statutory releases duly filed, his right to a dividend becomes absolute by operation of law as soon as the final order of distribution

is made, and the assignee thereafter proceeds at his peril. But we think the rule is as we have stated it, and it follows that the petitioners have failed to make a case against the assignee, and the order denying the application should be affirmed.