ISAAC B. ROSENTHAL and others *vs.* EDWARD J. DAVENPORT.

June 15, 1888.

Clerk of Court—Liability for Misplacing Papers.—When papers, which are required to be filed in the office of the clerk of the district court, are presented to him for that purpose, it is his duty to file and deposit them in a proper place for the keeping of such papers, so that they may be found upon reasonable examination. If, neglecting to do so, he misplaces such papers, he is chargeable with negligence.

Same—Negligence in Presenting Papers for Filing.—A legal implication of negligence on the part of the person presenting papers for filing does not arise from the fact that papers relating to different matters are presented in one package without explanation, they being properly indorsed so as to show their character.

Same—Negligence in not Discovering Clerk's Mistake.—Case considered as not justifying a legal conclusion of negligence on the part of the person presenting papers to be filed for not having discovered that the officer had misplaced the same.

Same—Action by Creditor of Insolvent—Evidence.—The creditor of an insolvent debtor having lost his share in the insolvent estate by reason of the clerk of the district court having misplaced the statutory release filed by the debtor, it was not necessary to a recovery against the clerk for his negligence that it be shown that the debtor had not again become solvent.

Appeal by plaintiffs from an order of the district court for Hennepin county, refusing a new trial. The action was tried before *Rea, J.,* and a verdict directed and rendered for defendant.

*Torrance & Fletcher,* for appellants.

*James O. Pierce,* for respondent.

DICKINSON, J. Upon the trial of this action the trial court directed the jury to return a verdict for the defendant. Upon this appeal we are to consider whether the case ought not to have been submitted to the jury. The defendant is the clerk of the district court for Hennepin county. This action against him is based upon substantially the same facts as were presented in *Re Robbins,* 36 Minn. 66, (30 N. W. Rep. 304.)

The defendant is sought to be made liable for his neglect to file or deposit the plaintiffs' release of their insolvent debtor (Robbins) in the proper place, with the other papers on file in his office in that proceeding, and for neglect to properly enter in the register of actions a minute of the filing of such release. The evidence in the case went to show that the plaintiffs' claim, as creditors of the insolvent debtor, was allowed; that they executed a release of the debtor, which was delivered to the defendant's official deputy at his office, for filing, in a package with several other papers of a like kind, but relating to three different insolvent estates; that these several papers were each properly indorsed before such delivery, so as to show their character and to what proceeding they related; that the deputy-clerk, assuming without examination that all of these papers related to the same proceeding, indorsed and filed them accordingly with the package of papers relating to a different proceeding, and made no entry in the register of actions of the filing of this release in the Robbins matter; that by reason of this release having been thus disposed of and not deposited with the papers relating to the Robbins estate, it was not discovered in the course of the subsequent proceedings for the distribution of that estate, nor did it become known to the assignee that such a release had been filed; that for this reason the whole of the insolvent estate was administered and distributed among other creditors, to the exclusion of the plaintiffs, who thereby lost their right to share in the same, which, as is admitted, would otherwise have paid 41 per cent. of the plaintiffs' debt.

If the action of the court was based upon the ground that the case would not have justified a verdict for plaintiffs as respects the alleged negligence of the defendant's deputy, for whose acts he is responsible, it must be deemed erroneous. It was the officer's duty to file each one of the several papers thus delivered to him for that purpose, and to deposit them in a proper place for the keeping of such papers, so that they might be found, and the fact of their having been filed discovered, upon such examination as one interested in the subject, or the officer himself, might be expected to make. If he failed in this duty, he was negligent. But it is urged that the plaintiffs' attorneys were themselves negligent in presenting the several papers in one package,

for filing, without informing the clerk that they related to different matters. In view of the facts that the several papers were indorsed in the manner above stated, and that the clerk was required to and did file each one of them, it certainly cannot be stated as a legal proposition that he was under no duty to examine and to see what each paper was, and to dispose of it accordingly. Neither does the case justify a legal conclusion of negligence on the part of the plaintiffs' attorneys in not having discovered the misplacement of the release by the clerk.

It was not necessary for the plaintiffs to show affirmatively that their debtor, Robbins, remained insolvent at the time of the commencement of this action. It appeared that they had suffered damage when it was shown that they had wholly lost their distributive share in the insolvent estate. If the then-existing situation has been since changed so as to have relieved them from that loss, it was for the defendant to make proof of it.

Order reversed.