WILLIAM G. ROERIG v. JAMES G. HOUGHTON, INSPECTOR
OF BUILDINGS OF THE CITY OF MINNEAPOLIS,
AND ANOTHER.[1]

December 5, 1919.

No. 21,400.

**Municipal corporation — liability to third person because of judicial proceeding.**

Neither a municipal corporation nor its administrative officers are liable in damages suffered by third persons in consequence of judicial proceedings conducted in behalf of the municipality in the exercise of its governmental functions.

[1]Reported in 175 N. W. 542.

Action in the district court for Hennepin county to recover $1,615. The facts are stated in the opinion. The case was tried before Steele, J., who when plaintiff rested denied defendants' motion for judgment of dismissal, and a jury which returned a verdict for $930. From an order denying their motion for a new trial, defendants appealed. Reversed.

*C. D. Gould* and *R. S. Wiggin,* for appellants.

*Rose & Brill,* for respondent.

LEES, C.

Defendant Houghton is building inspector of the city of Minneapolis. Plaintiff, a lot owner, applied to him for a permit to erect an apartment house on his lot. The application was denied and he brought an action to compel Houghton and the city to issue the permit. They answered and he demurred, and on November 8, 1916, his demurrer was sustained. The city council then adopted a resolution directing the city attorney to appeal. The resolution provided that, if he could not procure a waiver of a supersedeas bond, the proper city officials should execute such bond in behalf of the defendants. Thereafter the attorneys for the parties entered into a stipulation, the material portions of which are as follows:

"It is hereby stipulated * * * that a stay of all proceedings * * * until the conclusion of the appeal of defendants in the supreme court, may be granted by the district court, without the filing of the cost or supersedeas bonds required by sections 8002 and 8003 of the General Statutes of Minnesota, 1913, and the filing of such * * * bonds is * * * expressly waived by the plaintiff without, however, waiving right to costs and damages, to which plaintiff would be entitled if such bonds had been given."

A stay was entered and an appeal taken November 13, 1916. On May 11, 1917, this court affirmed the order appealed from. State v. City of Minneapolis, 136 Minn. 479, 162 N. W. 477. The case being remanded, findings were made and filed in the district court with an order for judgment, and on May 31, 1917, judgment was entered and a writ of mandamus issued, directing defendants to issue the building permit. On July 6, 1917, one was issued, under which plaintiff built on his lot. The present action was brought to recover damages for the delay in the build-

ing operations from November 13, 1916, to May 31, 1917, due to the stay of proceedings while the appeal was pending. There was a trial by jury and a verdict for plaintiff for $930. Defendants appeal from a denial of a new trial, and contend: (1) That a municipal corporation is not required to give a bond on appeal; (2) that the city attorney, by signing the stipulation, could not enlarge the city's common-law liability for damages in case it failed in its appeal; (3) that the plaintiff did not prove any damages which were properly allowable.

The question presented by the second contention alone requires attention, for the necessary answer thereto results in a reversal on the merits of plaintiff's claim and terminates the litigation.

In the consideration of the question we assume, without so deciding, that the stipulation above recited amounted to an agreement between the parties which, in effect, subjected defendants to the same liability for damages as would exist had a supersedeas bond been given, and the question presented may be thus stated: Is a municipal corporation, or one of its officers, liable, in the absence of a statute imposing liability, for damages sustained by an applicant for a license or permit in consequence of a refusal to grant it or as a result of judicial proceedings had in contesting the right of the applicant to it?

It is well settled that a municipal corporation cannot be held in damages for the manner in which it exercises its discretionary powers of a public, legislative or quasi-judicial nature. While engaged in the discharge of duties imposed upon it, from the performance of which it derives no compensation or benefit in its corporate capacity, it is clothed with the immunities of the state. Bryant v. City of St. Paul, 33 Minn. 289, 23 N. W. 220, 53 Am. Rep. 31; Lane v. Minn. State Agricultural Soc. 62 Minn. 175, 64 N. W. 382, 29 L.R.A. 708; Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L.R.A. 1915D, 1111, Ann. Cas. 1916E, 897.

The ordinance prohibiting the erection of certain classes of buildings in the residential districts of Minneapolis was enacted in the exercise of the city's governmental powers as a political subdivision of the state. It was a regulation made by virtue of the police power of the city. State v. Houghton, 134 Minn. 226, 158 N. W. 1017, L.R.A. 1917F, 1050; State v. Houghton, 142 Minn. 28, 170 N. W. 853. The police regulations of a

city are made and enforced in the interests of the public, hence it is not liable for the acts of its officers in attempting to enforce them. Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812; Claussen v. City of Luverne, 103 Minn. 491, 115 N. W. 643, 15 L.R.A.(N.S.) 698, 14 Ann. Cas. 673. The cases are collected in a note to Bond v. Royston, 18 L.R.A. (N.S.) 409, and in Hershberg v. Barbourville, 34 L.R.A.(N.S.) 141. Liability of a municipal corporation is not created because the acts of its officers were done under a void ordinance, if the ordinance was enacted in the exercise of governmental powers. Trammell v. Russellville, 34 Ark. 105, 36 Am. Rep. 1; Bond v. Royston, supra. Neither is it liable for damages sustained by reason of a wrongful revocation of a license or permit. Lerch v. City of Duluth, 88 Minn. 295, 92 N. W. 1116; Claussen v. City of Luverne, supra; Kansas City v. Lemen, 57 Fed. 905, 6 C. C. A. 627. It seems clear that the city could not be held at common law for any damages suffered by plaintiff by reason of any of its acts in contesting plaintiff's right to a building permit, and its officers are without authority to charge it with liability by contract.

Houghton's liability stands upon a somewhat different footing. A public officer whose functions are judicial or quasi judicial cannot be called upon to respond in damages for the honest exercise of his judgment within his jurisdiction, however erroneous his judgment may be. Stewart v. Case, 53 Minn. 62, 54 N. W. 938, 39 Am. St. 575; Mechem, Pub. Off. § 636. If, however, he exercises ministerial powers only, he does not come within this rule and is liable to one who sustains an injury by his malfeasance, misfeasance or nonfeasance. Rosenthal v. Davenport, 38 Minn. 543, 38 N. W. 618; Selover v. Sheardown, 73 Minn. 393, 76 N. W. 50, 72 Am. St. 627; Foster v. Malberg, 119 Minn. 168, 171, 137 N. W. 816, 41 L.R.A.(N.S.) 967, Ann. Cas. 1914A, 1116; Howley v. Scott, 123 Minn. 159, 143 N. W. 257, 51 L.R.A.(N.S.) 137; Tholkes v. Decock, 125 Minn. 507, 147 N. W. 648, 52 L.R.A.(N.S.) 142; Mechem, Pub. Off. § 664; Throop, Public Officers, § 724.

But there is a well recognized qualification of the rule last stated. A public officer or agent, engaged in the performance of a public duty in obedience to the command of a statute, should not suffer personally for an error of judgment. The judicial character of his act rather than the judicial character of his office furnishes the basis for the exemption, if

he is exempt. But the qualification applies to all acts done exclusively for the public interest by officers or agents appointed by public authority, provided their acts are within the scope of that authority. Valentine v. Englewood, 76 N. J. Law, 509, 71 Atl. 344, 19 L.R.A.(N.S.) 262, 16 Ann. Cas. 731; Becks v. Dickinson County, 131 Iowa, 244, 108 N. W. 311, 6 L.R.A.(N.S.) 831, 9 Ann. Cas. 812; 2 McQuillin, Mun. Corp. § 536. In Packard v. Voltz, 94 Iowa, 277, 62 N. W. 757, 58 Am. St. 396, it was said that it would be an anomaly to exempt a municipality from liability upon the ground that it was acting for the public welfare, and at the same time affix liability upon its agent for precisely the same acts done under express authority. It may be that Houghton was a ministerial officer, but, in passing upon plaintiff's application for a building permit, he was called upon to act in a quasi-judicial capacity, within the scope of his authority and exclusively for the public interest, and is, therefore, exempt from liability to plaintiff for damages suffered in consequence of the judicial proceedings which followed the refusal to issue the permit.

We conclude that plaintiff cannot recover damages either from the city or from Houghton, and that the order denying a new trial must be and it hereby is reversed.

DIBELL, J. (dissenting).

The action is on contract. A consideration of the liability of a municipality for injury which it occasions in the discharge of its governmental functions is not helpful. The situation is clearly and fully stated in the prevailing opinion. It was just this: In the mandamus proceeding the city was defeated. The plaintiff was entitled to a peremptory writ. The defendant wanted to appeal and wanted a stay. The common council, by a formal resolution, authorized the city attorney to appeal and to procure a supersedeas bond, unless the plaintiff would consent to waive it. The purpose of the bond was to get a stay. The plaintiff waived the bond, upon request of the city, retaining by the terms of the stipulation the right to his costs and damages as if a supersedeas bond were given. A stay was entered.

The understanding between the plaintiff and the city was definite. There was to be no supersedeas bond, but the plaintiff was to have his

damages from the city, in the event of an affirmance, just as if there were. There was no lack of consideration. Each was giving and each was getting. There was no question of the city attorney's authority to procure a waiver of a supersedeas bond and enter into the stipulation. The council gave authority. There was no question of fact for the jury upon the meaning of the stipulation, or of the sufficiency of the consideration for it, or of the authority of the city attorney. If the jury is right, the plaintiff sustained damages by the appeal amounting to $930. The city agreed to pay. By the repudiation of its promise, now sanctioned, it escapes liability and the plaintiff bears his loss. This seems to me all wrong and so I dissent.

On December 19, 1919, the following opinion was filed:

PER CURIAM.

In denying the respondent's application for a rehearing in this case, we take occasion to call attention to the last clause of section 8237, G. S. 1913, where it is provided that no appeal bond need be given by a municipality in appeals to the supreme court. We adhere to the holding that neither a municipal corporation nor its officers are liable for damages suffered in consequence of judicial proceedings conducted by or in behalf of the municipality in the exercise of its governmental functions.