# NELLIE M. McCORKELL v. CITY OF NORTHFIELD AND OTHERS.

123 N. W. (2d) 367.

August 16, 1963—No. 38,767.

*Warren D. Chamberlain, Erickson, Popham, Haik & Schnobrich, Wayne G. Popham,* and *Michael A..Swirnoff,* for appellant.

*Robert G. Lampe,* for respondents city of Northfield, William Gill, LaVern Paschall, Roy Jones, and George Bickel.

268

*Finley & Finley* and *James E. Finley,* for respondent Nelson.
*Mordaunt, Walstad, Cousineau & Hagglund,* for respondent Kringen.
*Danforth & Allen,* for respondent Gallagher.
*Richards, Montgomery, Cobb & Bassford,* for respondent Voss.
*Rider, Bennett, Egan & Johnson,* for respondent Wilson.
*Tyrrell, Jardine, Logan & O'Brien* and *Raymond W. Fitch,* for respondent Wright.

MURPHY, JUSTICE.

This is an appeal from a judgment dismissing a complaint in an action for death by wrongful act as to the defendants city of Northfield, its mayor, and members of its common council. The trial court held that the complaint did not state a cause of action as to those defendants. The complaint also joined as defendants certain police officers of said city, who are not parties to this appeal.

The action involves an asserted liability of the city, its mayor, and councilmen for breach of duty in the operation of the Northfield City Jail. It arises out of the arrest and subsequent death of the plaintiff's grandson, William J. Fleming. In the late evening of June 10, 1961, the decedent was arrested by two Northfield police officers for intoxication and confined to the city jail. After confinement he was left alone and unattended in an unlighted cell in a helpless state of intoxication. Later, during the night hours, a smoldering fire occurred in the jail, and before it was discovered, decedent died from asphyxiation.

The plaintiff asserts that at the time of Fleming's confinement there was no custodian on duty at the jail as required by law. The absence of the required custodian was not due to any omission or oversight on the night in question but was the result of a long-standing disregard of a statutory mandate by the officers and employees of the municipality. The jail was without any type of fire extinguisher or fire alarm system. There was no way for an inmate to summon help in case of a fire or other emergency. The plaintiff's counsel further points out that even if Fleming were conscious of the fire

before his death, it would have been impossible for him to orient himself or to try to save his life in a dark, smoke-filled room. After the inmate's death, the plaintiff duly filed notice of claim with the city of Northfield pursuant to statute.

The trial court concluded under authority of Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812, that because of the governmental character of the activity involved in maintaining a jail, there could be no liability on the part of the city. He also held, apparently under the authority of Roerig v. Houghton, 144 Minn. 231, 175 N. W. 542, and Stevens v. North States Motor, Inc. 161 Minn. 345, 201 N. W. 435, 40 A. L. R. 36, that the city officials named as defendants could not be liable because the activity did not involve an exercise of ministerial duties required to be performed by them in obedience to a mandate of legal authority.

The case before us is similar to Gullikson v. McDonald, *supra,* which we reviewed in Reierson v. City of Minneapolis, 264 Minn. 153, 154, 118 N. W. (2d) 223, 225, with the following comment:

"It has long been held that a municipal corporation is not liable for injuries to prisoners resulting from the negligence of police guards for the reason that in the maintenance of a jail the municipality exercises governmental powers and discharges governmental duties and, accordingly, cannot be held responsible for the negligence or misconduct of officers which it must necessarily employ. This principle is supported by Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812. In that case the plaintiff had been arrested January 6, 1895, and had been confined to the village jailhouse all night. * * * The complaint alleged that for 2 hours during the night there was no fire and that during the balance of the night 'said lockup was insufficiently heated,' by reason of which the plaintiff sustained an illness from which he became permanently disabled. In reversing an order overruling a demurrer to the complaint it was held that a municipal corporation was not liable for maintaining its lockup or prison in a defective and unfit condition. We there said (62 Minn. 279, 64 N. W. 812):

" '* * * It is a well-settled rule of law that municipal corporations

are not liable for either negligent omissions or commissions in the performance of duties for which they receive no pecuniary profit, but which are imposed upon them as mere governmental agencies.' "

The plaintiff contends that the foregoing principle of law does not apply because of the provisions of Minn. St. c. 642 which relate to the establishment, construction, repair, and maintenance of lockups by municipalities. By this act the legislature has manifested a concern for the health and safety of persons confined in jails. It gives to the commissioner of corrections authority to determine standards to be followed in repair and construction of municipal jails and lockups. The duty is imposed upon the municipality by § 642.02, subd. 2, to provide a jailer or custodian. That subdivision, which is important here, provides:

"A jailer or custodian shall be present during the time any prisoner is detained in such lockup."

Section 642.07 imposes upon the police officers the obligation to keep the lockup "clean, wholesome, and free from vermin," and requires that it "shall be swept daily and thoroughly cleansed with water at least once every two weeks when occupied." Section 642.09 provides for periodic inspections of lockups by the health officer.

As indicated in our decision in the Reierson case, this court is reluctant to follow Gullikson v. McDonald, *supra,* and we noted in contrast the more enlightened and morally acceptable view expressed in Hargrove v. Town of Cocoa Beach (Fla.) 96 So. (2d) 130, 60 A. L. R. (2d) 1193, a similar case where a contrary result was reached. We also said that although this state had up to that time adhered to the principle of governmental immunity from tort liability "it is apparent that the trend of the law is to restrict rather than to extend the principle." Reierson v. City of Minneapolis, 264 Minn. 156, 118 N. W. (2d) 225. We took the next decisive step on this question in Spanel v. Mounds View School Dist. No. 621, 264 Minn. 279, 118 N. W. (2d) 795, where we held that the doctrine of sovereign tort immunity was archaic and prospectively overruled it as a defense. Acting upon the views expressed by this court in

Spanel, the 1963 legislature by L. 1963, c. 798, § 2 (Minn. St. 466.02), subject to certain limitations, swept away the doctrine of sovereign immunity by the following clause:

"Subject to the limitations of sections 466.01 to 466.17, every municipality is subject to liability for its torts and those of its officers, employees and agents acting within the scope of their employment or duties whether arising out of a governmental or proprietary function."

The foregoing enactment, however, is of no comfort to the plaintiff in this case because it does not take effect until January 1, 1964.

Because the doctrine of sovereign immunity is repugnant to basic principles of justice, there falls upon us the obligation to subordinate it to any authority which would lead us to the just conclusion. We find that authority in the provisions of Minn. St. c. 642 by which the legislature has imposed upon municipalities the express obligation to care for the safety, health, and welfare of those confined in jails and lockups. It is true that the statute contains no express provisions imposing liability for damages because of breach of the duties imposed. We are, nevertheless, led to the conclusion that liability to respond in damages is implied in the humanitarian purpose of the act and from the fact that a breach of its mandatory provisions is imminently dangerous to human life. We accordingly hold that the complaint asserts a valid cause of action, one which is sui generis and is justified as an exception to the general rule which gives rise to immunity to municipal corporations.

We have examined the complaint in light of the statute and applicable ordinances of the city and find no provisions imposing specific duties which could be considered as ministerial in nature so as to impose liability upon the individual municipal officers. It seems to us that the duty to appoint and maintain a custodian at the jail was primarily a duty of the corporate body and the failure of that body to act would not impose personal liability upon the individuals composing it.

The order of the trial court dismissing the complaint as to the

city of Northfield is reversed; the order dismissing the action as to the mayor and members of the city council is affirmed.

Reversed in part and affirmed in part.