NICK DePALMA v. MILTON ROSEN AND OTHERS.
NICK DePALMA v. CITY OF ST. PAUL.

199 N. W. 2d 517.

June 30, 1972—Nos. 42964, 43307.

*Gordon C. Moosbrugger*, for appellant.

*Daniel A. Klas*, Corporation Counsel, and *Paul F. McCloskey, Jr.*, Assistant Corporation Counsel, for respondent city.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

TODD, JUSTICE.

These appeals were consolidated for hearing in this court. In No. 42964, plaintiff, Nick DePalma, appeals from a judgment dismissing an action he commenced against individual members of the city council of the city of St. Paul and from an order denying his motion to vacate that judgment and to substitute the city of St. Paul as defendant. In No. 43307, DePalma appeals from a summary judgment for defendant in an action subsequently commenced against the city of St. Paul. The judgment dismissing the claim against the individual members of the city council of the city of St. Paul and the order refusing to vacate said judgment are hereby affirmed. The judgment of dismissal in the action against the city of St. Paul is hereby reversed.

Plaintiff is the owner of a parcel of land in the city of St. Paul known as 653 Bedford Street, upon which there was constructed a garage and a home, which he occupied as his homestead from

1921 until 1959. During 1959 plaintiff moved from his home and alleges that he commenced substantial remodeling and renovation of it. At about the same time, the property came to the attention of the city building inspectors whose reports concerning the condition of the premises culminated in a resolution by the St. Paul City Council on July 12, 1960, ordering a public hearing to be held August 3, 1960, at which time the council would consider an order that the structures on the premises be razed. Plaintiff claims he was given no notice of the August 3 hearing and did not attend.

On August 4, 1960, the city council passed a resolution ordering the structures to be razed and the resolution was published on August 6, 1960. On August 8, 1960, the city architect wrote plaintiff of the council's action and advised him that he had 10 days in which to comply with the decision of the council. On August 17, 1960, plaintiff's attorney submitted a timely letter requesting a rehearing pursuant to the provisions of St. Paul Legislative Code, § 1.07(4)(c).[1] No rehearing was ever held. The city of St. Paul admits that timely notice was served demanding the rehearing and that no rehearing was held.

The city took no further action until August 11, 1961, when the city architect advised the corporation counsel in writing that no appeal had been taken by the plaintiff. On August 14, 1961, the corporation counsel responded, advising the city architect that plaintiff had not perfected his appeal in the allowed time.

---

[1] St. Paul Legislative Code, § 1.07(4)(c), provides: "If the owner or owners, agent or occupants of such building or structure neglects or refuses to comply with the order of the Council within ten (10) days after order has been mailed to him or them, or fails to file within the said ten (10) day period an appeal for a rehearing of said proceeding, the Council, by resolution shall authorize the Commissioner to enter upon said premises and to fence in, prop up or tear down and remove such unsafe or dangerous building, structure, appliance or part thereof, and do any and all things which in the opinion of the Council may be necessary for the protection of life, limb or adjoining property."

14

It appears that both the city architect and the corporation counsel were considering only the appellate procedures established under St. Paul Legislative Code, § 1.07(5)(a),[2] and not the provision of § 1.07(4)(c). On August 31, 1961, the city architect in writing requested the city council to proceed against the property. In response, the council passed a resolution on September 7, 1961, authorizing the commissioner of parks to raze the buildings. On September 11, 1961, the city architect wrote plaintiff, advising him of the latest council action, requesting that he raze the buildings, and stating that he would be given until September 30, 1961, to do so.

Plaintiff alleges that he then ceased remodeling work on the premises and appeared before the council by his attorney and again requested a rehearing and that he subsequently appeared personally before the council, objecting to the wrecking of the building and again demanding a rehearing. On November 9, 1961, a contract for demolition of the house, but not the garage, was awarded, and on December 14, 1961, the city architect advised plaintiff that wrecking of the home was to commence on January 5, 1962. The actual wrecking of the home occurred on March 7, 1962. The garage was allowed to remain intact, and on

---

[2] St. Paul Legislative Code, § 1.07(5)(a), provides: "The owner, agent or occupant of said building or structure shall have the right, at any time within twenty (20) days following the publication of said resolution rendered by the Council, to appeal to the District Court in and for the County of Ramsey, State of Minnesota, from the action of the Council in the premises, provided a written notice of such appeal is filed with the Commissioner within ten (10) days following the publication of said decision. Said written notice to the Commissioner shall specify: (a) the name of the appellant; (b) the legal description of the property in which the appellant has or claims an interest as owner, agent or occupant; (c) the appellant's interest therein; and (d) the appellant's objections to the action of the Council in the premises. The appeal shall be filed with the Clerk of said District Court within twenty (20) days after the publication of said resolution and shall be accompanied by a copy of said notice of appeal and objections filed with the Commissioner."

November 3, 1964, the council, without explanation, rescinded that part of its previous action calling for the razing of the garage.

In May 1967, plaintiff commenced action against the individual members of the council without naming the city of St. Paul as a defendant. This matter was called for trial on September 30, 1970, and on October 2, 1970, the trial court granted the motion of the defendants for dismissal of the action against them. Judgment was entered October 15, 1970. A motion to vacate this judgment and to substitute the city of St. Paul as a named defendant followed and was denied by the trial court. An appeal to this court was filed on January 13, 1971.

On January 27, 1971, plaintiff commenced an action against the city of St. Paul alleging that his property had been improperly taken in contravention of the St. Paul Legislative Code and contrary to the Constitution of the State of Minnesota, resulting in a deprivation of his property without due process of law. The trial court in response to a motion by the city for summary judgment, or, in the alternative, for dismissal of plaintiff's complaint with prejudice on the grounds of res judicata, ordered summary judgment for defendant city on July 13, 1971. An appeal from that judgment was taken to this court on July 27, 1971, and the appeals were consolidated.

■  With regard to the judgment dismissing the action against the individual members of the city council, we must affirm. The general rule of law is that a municipal officer is not liable for his discretionary acts. 4 McQuillin, Municipal Corporations (3 ed.) § 12.208. The judgments of the individual members of the city council in this matter were clearly discretionary and not ministerial. A public officer whose functions are judicial or quasi-judicial cannot be called upon to respond in damages for the honest exercise of his judgment within his jurisdiction, however erroneous his judgment may be. Stewart v. Case, 53 Minn. 62, 54 N. W. 938 (1893), cited with approval in Roerig v. Hough-

ton, 144 Minn. 231, 175 N. W. 542 (1919). In the Roerig case, we said (144 Minn. 234, 175 N. W. 544):

"* * * A public officer or agent, engaged in the performance of a public duty in obedience to the command of a statute, should not suffer personally for an error of judgment."[3]

By the reasoning of our previous cases, we hold that the individual members of the city council cannot be held responsible for damages in the exercise of any discretionary acts. We need not consider the refusal of the trial court to substitute the city as a defendant in this case, as we dispose of that issue in the balance of this opinion.

■ The trial court in granting the motion of the city for summary judgment in the second action submitted no new memorandum but referred to the memoranda accompanying its previous order dismissing the action against the individual members of the city council, and the order denying plaintiff's motion to vacate the judgment, which we have affirmed. The trial court and the defendant city of St. Paul apparently rely heavily on the failure of the plaintiff to file an appeal to the district court in accordance with the provisions of St. Paul Legislative Code, § 1.07(5)(a). The city in presenting its argument on this matter has failed to properly construe its own ordinances. The city admits that the plaintiff properly requested a rehearing under the provisions of St. Paul Legislative Code, § 1.07(4)(c). The effect of this request is to stay the previous proceedings until such time as there has been a rehearing or the city denies a rehearing. In either event, the resolution denying the rehearing or the resolution adopted at a rehearing calling for razing of the property would have to be published. The appeal procedures of § 1.07(5)

[3] See, Miller v. Reiter, 155 Minn. 110, 192 N. W. 740 (1923); Wilbrecht v. Babcock, 179 Minn. 263, 228 N. W. 916 (1930); Barmel v. Minneapolis-St. Paul Sanitary Dist. 201 Minn. 622, 277 N. W. 208 (1938); Robinette v. Price, 214 Minn. 521, 8 N. W. 2d 800 (1943); Johnson v. County of Steele, 240 Minn. 154, 60 N. W. 2d 32 (1953); McCorkell v. City of Northfield, 266 Minn. 267, 123 N. W. 2d 367 (1963).

(a) would then become applicable and the plaintiff would then be required within 20 days following the publication of the resolution to file an appeal to the district court, provided he had given notice of appeal to the commissioner of parks in accordance with another requirement of § 1.07(5)(a). The council had no authority to order the razing of plaintiff's home, since it failed to follow the procedures outlined in its legislative code, and its purported action was a nullity. The subsequent destruction of plaintiff's property was thus a taking of plaintiff's property without due process of law, and he is entitled to have the issue of damages litigated by the trial court.

The summary judgment for the city is therefore reversed, and the case is remanded for trial. At the time of trial, the matter will have to be tried in the nature of a condemnation proceeding with the date of taking being March 7, 1962, and the plaintiff shall have the burden of establishing the reasonable market value of his property immediately before and after the taking.

Appeal No. 42964 affirmed. Appeal No. 43307 reversed. Neither party will be allowed costs.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.