CITY OF MINNEAPOLIS, et al., Respondents,

v.

Steven F. MELDAHL, Appellant.

No. C6–99–1490.

Court of Appeals of Minnesota.

March 14, 2000.

Jay M. Heffern, Minneapolis City Attorney, Henry T. Reimer, Assistant City Attorney, Minneapolis, for respondents.

Robert K. Shelquist, Bruce L. McLellan, Plunkett, Schwartz, Peterson P.A., Minneapolis, for appellant.

Considered and decided by RANDALL, Presiding Judge, TOUSSAINT, Chief Judge, and HUSPENI,* Judge.

## OPINION

HUSPENI, Judge.

On appeal from a dismissal for lack of subject-matter jurisdiction, appellant Steven Meldahl contends the district court erred because (1) appellant properly brought his inverse condemnation claim in

district court and (2) the record was inadequate for certiorari review. Because under the circumstances of this matter, appellant could obtain review of the quasi-judicial decision only through certiorari review by the court of appeals, we affirm.

## FACTS

A Minneapolis housing inspector condemned the building at issue after the owner failed to abate housing code violations. The owner was then notified of a May 14, 1997 hearing before the Public Safety and Regulatory Services Committee of the Minneapolis City Council, when consideration would be given to the inspection division's recommendation that the building be demolished. On April 20, 1997, appellant purchased the building for $100, and the inspection division notified him of the pending hearing.

At the May 14 hearing, the committee received conflicting estimates as to the cost of rehabilitating the building as well as other evidence. It determined that the property constituted a nuisance and recommended demolition. The city council ratified the recommendation on May 23, 1997, and the mayor signed it on May 29, 1997. The committee then ordered the building razed, notifying appellant in a June 2, 1997 letter.

On June 23, 1997, appellant filed a pro se answer and counterclaim with the district court, generally alleging that the building should not be razed and seeking review of the city council's decision. The building was subsequently demolished.

On September 15, 1997, appellant, represented by an attorney, filed an amended answer and counterclaim, raising a variety of issues including condemnation/due process, intentional interference with business relations, abuse of process, arbitrary or capricious decision-making, and negligent training and supervision. Respondent

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

City of Minneapolis moved to dismiss for lack of subject-matter jurisdiction or, in the alternative, for summary judgment on appellant's counterclaims. The district court dismissed the action, determining it did not have subject-matter jurisdiction because the sole method for obtaining review of the quasi-judicial decision was through a writ of certiorari to the court of appeals.

## ISSUES

I. Did the district court have subject-matter jurisdiction to review the quasi-judicial decision by the city to demolish a nuisance building?

II. Does an argument that the record is inadequate preclude certiorari review by this court and make review by the district court proper?

## ANALYSIS

### I.

■ The existence of subject-matter jurisdiction is a question of law reviewed de novo on appeal. *Shaw v. Board of Regents of Univ. of Minn.*, 594 N.W.2d 187, 190 (Minn.App.1999), *review denied* (Minn. July 28, 1999).

A city or town may enact and enforce ordinances to address the problem of hazardous buildings. Minn.Stat. 463.26 (1998). The City of Minneapolis enacted such an ordinance pursuant to this statutory authority. Minneapolis, Minn., Code of Ordinances 249.10 (1993). It proceeded under this ordinance to order the demolition of the building at issue here. *Id.* 249.40.

■ The parties do not dispute that the city's decision to order demolition of the building was quasi-judicial. *See Minnesota Ctr. for Envtl. Advocacy v. Metropolitan Council*, 587 N.W.2d 838, 842 (Minn. 1999) (describing three indicia of a quasi-judicial action). The authority of the district court to review such a decision is jurisdictional. *Mowry v. Young*, 565 N.W.2d 717, 719 (Minn.App.1997), *review denied* (Minn. Sept. 18, 1997). Unless there is statutory authority for a different proceeding, a party may obtain review of a quasi-judicial decision by an executive body that does not have statewide jurisdiction only by writ of certiorari. *Willis v. County of Sherburne*, 555 N.W.2d 277, 282 (Minn.1996). In those circumstances, the court of appeals has exclusive certiorari jurisdiction. *Heideman v. Metropolitan Airports Commn.*, 555 N.W.2d 322, 324 (Minn.App.1996).

■ The city proceeded under its ordinance, which does not provide for district court review of the decision. *See* Minneapolis, Minn., Code of Ordinances ch. 249 (no provision for district court review).[1] Therefore, under applicable caselaw, appellant could challenge the decision only by writ of certiorari to this court. *Willis*, 555 N.W.2d at 282; *Heideman*, 555 N.W.2d at 324. Thus, the district court properly dismissed the case for lack of subject-matter jurisdiction. *See* Minn. R. Civ. P. 12.08(c) (providing district court shall dismiss action when it lacks subject-matter jurisdiction).

Appellant also argues that because he brought an inverse condemnation claim as part of the district court proceeding, dismissal was improper. He asserts that his inverse condemnation claim did not arise until the city razed the building, and seeks damages for the alleged violation of his due process rights in the nuisance proceeding. We note initially that the district court determined that appellant did not properly plead inverse condemnation. Appellant cites *Basich v. Board of Pensions*, 493 N.W.2d 293, 295 (Minn.App.1992), to argue that courts should construe pleadings liberally and judge them by their substance to determine if they give fair

---

1. When a city proceeds under the statute, the building owner may contest the decision in district court. Minn.Stat. § 463.20 (1998).

notice of the facts and legal theories. We conclude that even liberal construction cannot save appellant' attempt to bring an inverse condemnation claim here.

A brief review of the law regarding inverse condemnation aids analysis of this issue. The state and federal constitutions prohibit the state from taking property without just compensation. U.S. Const. amend. V; Minn. Const. art. I, 13. When the government has taken property without formally using its eminent domain powers, the property owner has a cause of action for inverse condemnation. *Alevizos v. Metropolitan Airports Commn.*, 298 Minn. 471, 477, 216 N.W.2d 651, 657 (1974) (*Alevizos I*). If a city council fails to follow the proper procedure in razing property, the destruction of property without due process of law constitutes a taking, entitling the plaintiff to a determination of damages by the district court. *DePalma v. Rosen*, 294 Minn. 11, 17, 199 N.W.2d 517, 520 (1972). But when the state properly uses its police powers to abate a nuisance by destroying property, no taking occurs and the landowner is not entitled to compensation. *State Fire Marshal v. Sherman*, 201 Minn. 594, 599, 277 N.W. 249, 251 (1938).

"Mandamus is the proper vehicle to assert a claim for inverse condemnation." *Vern Reynolds Constr., Inc. v. City of Champlin*, 539 N.W.2d 614, 616–17 (Minn.App.1995) (citation omitted), *review denied* (Minn. Dec. 20, 1995). An inverse condemnation action may require two separate factual determinations. *Alevizos v. Metropolitan Airports Commn.*, 317 N.W.2d 352, 360 (Minn.1982) (*Alevizos II*). The mandamus court must determine first whether "there has been a taking or damage in the constitutional sense that it may compel the state to initiate condemnation proceedings." *Thomsen v. State*, 284 Minn. 468, 475, 170 N.W.2d 575, 580 (1969). If so, the matter goes before the commissioners to set the dollar amount of harm the owner has suffered. *Alevizos II*, 317 N.W.2d at 360; *see* Minn.Stat. 117.075

(1998) (providing court shall appoint commissioners to report amount of damages sustained from taking). If appealed, the matter again goes to the district court fact-finder to address the amount of damages. *Alevizos II*, 317 N.W.2d at 360.

In a mandamus action for inverse condemnation, the petitioner is not entitled to move to the damages stage unless the mandamus court determines there is a taking. *Id.* Appellant's assertion that he is entitled to a trial on damages for the alleged taking is, at best, premature because there has been no determination that a taking, in fact, occurred. Appellant may challenge the determination that his building was a nuisance warranting demolition, i.e., assert that a taking occurred, only through petition for writ of certiorari to this court. *Heideman*, 555 N.W.2d at 324. It is only after a successful challenge of the city's action that appellant would be entitled to prove a damages claim.

Appellant's attempt to characterize his complaint as one in inverse condemnation cannot change the jurisdictional analysis we must undertake. *See Willis*, 555 N.W.2d at 282 (holding that regardless of fact that claim was "cloaked in the mantle of breach of contract," when alleged breach involved termination of claimant's employment by an executive body without statewide jurisdiction, claimant may challenge the action by certiorari alone, absent statutory authority for a different process). The takings claim in this case is not separate and distinct from the city's quasi-judicial decision to demolish the structure, because an inquiry into the facts surrounding the takings claim would involve an inquiry into the city's decision to demolish the structure. In such a case, jurisdiction is by writ of certiorari alone. *Id.* Further, as already noted, an inverse condemnation claim must be brought in mandamus. Appellant did not bring a mandamus claim. *See Vern Reynolds Constr.*, 539 N.W.2d at 616–17 (holding

actions for inverse condemnation must be brought through mandamus action).

Appellant's reliance on several inverse condemnation cases that were brought in district court is misplaced. None of the cases cited involve a quasi-judicial decision that a property is a nuisance. *See, e.g., Zeman v. City of Minneapolis,* 552 N.W.2d 548, 549, 555 (Minn.1996) (holding actions by city of revoking rental dwelling license did not constitute taking requiring compensation because ordinance served public harm prevention purpose); *Fitger Brewing Co. v. State,* 416 N.W.2d 200, 205 (Minn.App.1987) (addressing inverse condemnation claim brought in district court by brewery owner based on city's planning and precondemnation proceedings, where state never acquired property), *review denied* (Minn. Feb. 23, 1988). In *Zeman,* the district court addressed the merits of the city's actions. The issue of subject-matter jurisdiction was never raised in that case, however, and appellant cannot rely on *Zeman* to establish district court jurisdiction in this case. *See Naegele Outdoor Adver., Inc. v. Minneapolis Community Dev. Agency,* 551 N.W.2d 235, 237 (Minn.App. 1996).

## II.

Finally, appellant argues that because the city violated chapter 249 by providing deficient notice and by failing to make a record of the hearing, certiorari review of the citys decision was impossible. He contends that with no administrative record for this court to review, he properly sought review in the district court. We disagree.

This court has previously rejected the argument that absence of a record prevents a writ of certiorari from being the appropriate method of review. *Shaw,* 594 N.W.2d at 192. If the record is incomplete, this court may either determine that the agency failed to prove substantial evidence supporting its decision or remand for further findings. *Id.* The question of whether the record is in fact inadequate is one that should be addressed in the certiorari appeal and does not affect jurisdiction.

## DECISION

The district court was correct in ruling that it did not have subject-matter jurisdiction to hear this matter.

**Affirmed.**