MURPHY, Circuit Judge,
concurring.
I respectfully disagree with the majority’s conclusion that appellants’ state takings claim was not “ripe for review” by the federal district court due to their failure to first pursue it through a mandamus action in state court. I do not see why Minnesota’s mandamus requirement for inverse condemnation claims would preclude such claims from proceeding in the federal courts when there is a basis for federal jurisdiction. See, e.g., SK Finance SA v. La Plata Cty., Bd. of Cty. Comm’rs, 126 F.3d 1272, 1276 (10th Cir. 1997) (rejecting argument that state inverse condemnation claim must be brought through Colorado’s “special judicial procedure for condemnation claims” where federal diversity jurisdiction existed); see also White v. Cty. of Newberry, S.C., 985 F.2d 168, 172 (4th Cir. 1993) (exercising supplemental jurisdiction over state takings claim brought in conjunction with federal CERCLA claim).
Other circuit courts have recognized that federal courts may exercise jurisdiction over state law inverse condemnation claims even when a related federal takings claim is unripe. See SK Finance, 126 F.3d at 1276; Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 385-86 (5th Cir. 2001) (diversity jurisdiction). I see no reason to adopt a different rule in this case; the Minnesota cases on which the majority relies address state court procedural requirements and have no bearing on the *925 issue of federal jurisdiction. See Nolan & Nolan v. City of Eagan, 673 N.W.2d 487 (Minn. Ct. App. 2003); City of Minneapolis v. Meldahl, 607 N.W.2d 168 (Minn. Ct. App. 2000). Accordingly, while I agree with the majority that appellants’ federal takings claim is not ripe for review, I do not agree that this conclusion extends to their related state claim.
I nonetheless concur in the judgment because appellants have not advanced any arguments showing federal jurisdiction over their inverse condemnation claim. Contrary to appellants’ assertions, the district court need not have exercised supplemental jurisdiction over their state takings claim since the related federal claims were properly dismissed. See, e.g., Hervey v. Cty. of Koochiching, 527 F.3d 711, 726-27 (8th Cir. 2008) (when federal claims correctly dismissed, pendent state claims should be dismissed without prejudice). Further, while appellants’ coiriplaint alleges that the parties are diverse, they argue on appeal only that the district court should have exercised supplemental jurisdiction over their state takings claim (they did not raise diversity jurisdiction as in SK Finance and Vulcan Materials). I would therefore not reverse the district court on this basis. See, e.g., U.S. ex rel. Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1518 n.2 (10th Cir. 1996) (“Our duty to consider unargued obstacles to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have supported such jurisdiction.”) (emphasis in original). I therefore concur in the court’s judgment affirming the district court’s grant of summary judgment to the City.