JONAS F. BROWN *vs.* SUMNER W. FARNHAM *et al.*

Argued Oct. 8, 1894. Affirmed Oct. 16, 1894.

No. 8852.

**The** burden of proof is on him who avers a fact.

The rule applied that in an action for breach of contract the burden is on the plaintiff to prove such breach.

Appeal by plaintiff, Jonas F. Brown, from an order of the District Court of Hennepin County, *Robert D. Russell*, J., denying his motion for a new trial.

The facts constituting the plaintiff's cause of action are stated in the report of a former appeal from an order sustaining a demurrer to the complaint. 55 Minn. 27. That order was reversed and the action went down for further proceedings. The defendants answered and the issues were tried before the court without a jury. The only evidence introduced by plaintiff was the tripartite agreement made June 1, 1888. The court on motion of the defendants

dismissed the action. Plaintiff excepted, moved for a new trial, and being denied he appeals.

*Little & Nunn*, for appellant.

*Jackson & Atwater, H. W. Young*, and *A. W. Lancaster*, for respondents.

CANTY, J. This action was before this court on demurrer to the complaint. This court sustained the complaint. See opinion in 55 Minn. 27, (56 N. W. 352.) On the return of the case to the court below the defendants answered. On the trial the only evidence offered by plaintiff, or received, was the composition agreement referred to in said former opinion. After introducing this, plaintiff rested, and on motion of defendants the action was dismissed, and, from an order denying his motion for a new trial, plaintiff appeals.

By this composition agreement the defendants Farnham, the surviving partner of Farnham & Lovejoy, and the executors of Lovejoy, agree with plaintiff and other creditors of the firm of Farnham & Lovejoy to convey and transfer, within thirty days after the date of the agreement, certain real estate and other property to a certain trustee, to be by him disposed of, and the proceeds paid to these creditors; and these creditors, including plaintiff, agree to and "do hereby release and forever discharge" the indebtedness held by them against said firm, and "agree that they will deliver up for cancellation" all evidences of indebtedness held by them "upon execution of said conveyances."

The plaintiff brought this action for breach of this agreement, and alleges in his complaint that the defendants have never conveyed or transferred or offered to convey or transfer the property to the trustee, and "that said defendants were not then, and never were, the owners of said property, and could not, and never have been, able to convey, assign, or set over, or cause to be conveyed" to said trustee any of said property.

The answers of the defendants deny these allegations, and some of these answers allege that at the time of Lovejoy's death the property so to be transferred to the trustee was the partnership assets of the late firm of Farnham & Lovejoy, the title to the real estate standing an undivided one-half in the name of Farnham, and an undivided one-half in the name of Lovejoy; that, after Lovejoy's

death, and until the making of said contract, no change took place in the title of the property; that the defendants, the surviving partner and executors, within such thirty days, tendered to the trustee good and sufficient deeds and assignments of said property, and fully performed said contract on their part, but that the trustee and said creditors refused to accept the same, or perform said contract.

We are of the opinion that the court below did not err in dismissing the action when plaintiff rested. The answers of defendants do not, as contended by plaintiff, admit that it was not in their power to perform, or that they were in default in failing to perform, and plaintiff made no attempt to prove either of these things. In an action for breach of contract the burden is on the plaintiff to prove the breach, unless the same is admitted by the pleadings. The plaintiff proved no demand for performance, and made no attempt to. Because the surviving partner and executors are liable in their individual capacity for the performance of this contract, it does not follow that they may not perform in their representative capacity, and thereby relieve themselves from that liability. It is contended by plaintiff's counsel that because some of the answers admit that the title to the real estate stood of record, one undivided one-half in the name of Farnham and the other in the name of Lovejoy, and it did not appear of record to be partnership property, a conveyance by the surviving partner and executors would not give a marketable title, or a title free from doubt, and that for this reason he was entitled to damages for a breach of the contract. For all that appears, the executors may have the power given them by the will of Lovejoy to make this contract, as they allege in their answers they have. This is not, as contended by counsel, a case where the fact to be established is so exclusively or peculiarly within the knowledge of the opposite party that the burden should be thrown on him to prove it. On the contrary, the authority of these executors is a matter of public record, and their authority or want of authority can be as readily proved by the plaintiff as by the executors.

It seems to us that this is an instance where the rule should be applied that the burden is on the party to prove a fact which he must allege, and on the existence of which his case depends; and,

when the very gist of his action is the alleged wrongful omission, failure, or default of another, he must, as a general rule, prove a negative when it is essential to his case.

This disposes of the case, and the order appealed from should be affirmed. So ordered.

(Opinion published 60 N. W. 344.)