## CARPENTER v. SOUTHWORTH.

(Circuit Court of Appeals, Second Circuit. November 16, 1908.)

### No. 63.

1. PAYMENT (§ 84*) — RECOVERY OF PAYMENTS—MISTAKE OF LAW—PAYMENT TO TRUSTEE IN BANKRUPTCY.

The rule that payments made under mistake of law are not recoverable does not apply to a payment made to a trustee in bankruptcy or other officer of a court holding the funds in his hands upon trust for equitable distribution.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 267; Dec. Dig. § 84.*]

2. PAYMENT (§ 84*)—RECOVERY OF PAYMENTS—NATURE AND GROUNDS OF RIGHT.

An action to recover money paid by mistake is equitable in its nature, and when a payment is made which the payee in good conscience is entitled to retain it cannot be recovered.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 267; Dec. Dig. § 84.*]

3. PAYMENT (§ 89*) — ACTION TO RECOVER PAYMENT — SUFFICIENCY OF COMPLAINT.

A complaint in an action against a trustee in bankruptcy to recover a payment alleged to have been made to him by plaintiff in the mistaken belief that under a prior decision of the court he was liable therefor does not state a cause of action, where it does not show that he would not otherwise have made the payment, nor that he was not in fact liable.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 294; Dec. Dig. § 89.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Northern District of New York.

Matteson, Fuller, Miller & Matteson, for plaintiff in error.
Grant & Wager, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The complaint in this action alleges, in substance, that the Remington Automobile & Motor Company, a corporation, went into bankruptcy; that a call was made by order of the District Court upon certain unpaid stock subscriptions; that an appeal was taken from such order to this court, where it was affirmed, but without prejudice to any defenses stockholders might have in plenary actions to recover their respective assessments (see In re Remington Automobile, etc., Co., 153 Fed. 347, 82 C. C. A. 421); that the plaintiff, who was a stockholder and subject to the call, learned from a newspaper of the decision of this court and believed that it held him liable, although he was not advised as to its terms; that he thereupon called upon the defendant, who was trustee of the bankrupt corporation; that the defendant did not show or tell him the contents of the decision, "but informed him that the Ilion stockholders would have to pay, and that his payment would release him"; and that, relying upon this statement and in the belief that he had no further opportunity to defend himself, he paid the amount of his assessment, $1,250. The plaintiff seeks in this action to recover the money so paid upon the ground of payment by mistake. The defendant filed a general demurrer, which was sustained by the District Court, and, the plaintiff, not availing himself of the privilege of amending, the complaint was dismissed.

Whether the mistake which the plaintiff sets up was a mistake of law, or of mixed law and fact, is not material. While payments made under a mistake of law are, as a general rule, not recoverable, an exception is made in the case of such payments made to trustees in bankruptcy or other officers of courts. As stated by Lord Justice James in Ex parte James, L. R. 9 Chancery Appeals, 609, 614:

"With regard to the other point, that the money was voluntarily paid to the trustee under a mistake of law, and not of fact, I think that the principle that money paid under a mistake of law cannot be recovered must not be pressed too far, and there are several cases in which the Court of Chancery has held itself not bound strictly by it. I am of opinion that a trustee in bankruptcy is an officer of the court. He has inquisitorial powers given him by the court, and the court regards him as its officer, and he is to hold money in his hands upon trust for its equitable distribution among the creditors. The court, then, finding that he has in his hands money which in equity belongs to some one else, ought to set an example to the world by paying it to the person really entitled to it. In my opinion the Court of Bankruptcy ought to be as honest as other people."

See, also, Ex parte Simmonds, L. R. 16 Q. B. 308; Gillig v. Grant, 23 App. Div. 596, 49 N. Y. Supp. 78.

These cases are based upon the proposition that, while an individual litigant may retain moneys paid through a mistake of law, a court will not permit its officers to take advantage of any such mistake and

keep moneys belonging to another. The difficulty with the plaintiff's cause of action as stated in his complaint is, however, that it is not sufficiently alleged that the money in the hands of the defendant belongs to another. It is not alleged that the mistake under which the payment was made was material. It does not appear that, if the plaintiff had known the precise terms of the decision, he would not have made the payment. It is not alleged that the plaintiff had any defense to a plenary action for the recovery of the assessment, or that he intended to make any defense if afforded opportunity. The plaintiff in his brief says that "under the decision of this court complainant was not liable." This is a mistake. He was liable, unless he had a valid defense and chose to interpose it.

An action for the recovery of money paid by mistake is equitable in its nature, and when a payment is made which the payee in good conscience is entitled to retain it cannot be recovered. The principle is stated by Lord Mansfield in the early case of Bize v. Dickason, 1 T. R. 285:

"The rule has always been that if a man has actually paid what the law would not have compelled him to pay, but what in equity and conscience he ought, he cannot recover it back as a debt barred by the statute of limitations or contracted during infancy; but where the money was paid under a mistake, which there was no ground to claim in conscience, the party may recover it back."

The general allegation in the complaint that the money sought to be recovered rightfully belongs to the plaintiff merely states an inference or conclusion from the other facts, which are in themselves insufficient. It does not help them out and show the materiality of the mistake. Upon the complaint as it stood the demurrer was properly sustained, and, as the plaintiff did not amend, the judgment dismissing the complaint was correct, and must be affirmed.

In affirming the judgment, however, we deem it proper to say that it would seem to us appropriate for the District Court to enter another order, upon the application of the present plaintiff, directing the trustee to retain the said money paid to him until the determination of a new action for the recovery of the same, should said plaintiff institute it in said court within a specified time.