# ELSA PETERSON AND OTHERS v. A. B. DARELIUS AND ANOTHER.[1]

## August 6, 1926.

## No. 25,208.

**Order of court directing receiver to refund money to stockholders, construed.**

1. An order directing the receiver of an insolvent corporation to refund money to certain stockholders from whom he had collected it, does not have the effect of annulling proceedings in other courts, by virtue whereof he obtained the money. It merely directs how funds under the control of the court shall be disbursed.

**Court has power to order receiver to refund money paid voluntarily.**

2. The rule that money paid voluntarily cannot be recovered by the payer does not prevent the court from ordering the receiver to refund money so paid.

**As officer of court whatever receiver does under its order regarding money is act of the court.**

3. A receiver is an officer of the court and subject to its control. His possession is the possession of the court. Whatever he does under the order of the court regarding property or money in his hands is the act of the court.

**As representative of creditors of insolvent corporation he may appeal from order prejudicing rights of its creditors.**

4. As the representative of the creditors of the corporation, a receiver may enforce their rights against stockholders and appeal from an order disposing of money in his custody, if there are corporate creditors whose rights are prejudiced thereby.

**After issue of bonus stock only subsequent creditors of corporation have right to compel payment for bonus stock from stockholders.**

5. Only those who became creditors of a corporation after bonus stock was issued have a right to require the stockholders to pay for the stock, if payment is necessary to provide funds for the satisfaction of their debts.

[1] Reported in 210 N. W. 38.

Stockholders who seek refund of money paid by them on account of bonus
          stock have burden of proving there are no subsequent creditors.
       6. Stockholders who seek to recover money they paid to a receiver
in satisfaction of liability for bonus stock have the burden of proving
that there are no subsequent creditors.

Appeal and Error, 3 C. J. p. 654 n. 13; p. 655 n. 23.
Corporations, 14 C. J. p. 1000 n. 17; 14a C. J. p. 1011 n. 8 New.
Receivers, 34 Cyc. p. 187 n. 61; p. 236 n. 72; p. 247 n. 28; p. 250 n.
    50; p. 270 n. 41; p. 391 n. 82 New.

See 23 R. C. L. p. 8; 3 R. C. L. Supp. p. 1308; 4 R. C. L. Supp. p.
    1488; 5 R. C. L. Supp. p. 1227.

Application by stockholders to compel the receiver of the Mort-
gage Security Company to refund certain moneys. From an order
granting the application, Montgomery, J., the receiver and the cor-
poration appealed. Reversed.

*Paul J. Marwin*, for appellant.
*W. L. Hursch*, for respondents.

Lees, C.

The Mortgage Security Company of Minnesota is an insolvent
corporation, now in the hands of a receiver. The respondents are
stockholders, or the representatives of stockholders, seeking to com-
pel the receiver to refund moneys they had paid to him. Their ap-
plication for an order directing him to refund was granted, and the
receiver and the corporation appealed.

In June, 1921, the district court levied an assessment of 100 per
cent upon the stockholders. The basis of the assessment was their
alleged constitutional liability to creditors. In August, 1921, the
stockholders applied to the court for the vacation of the assessment.
The application was denied, an appeal taken and the order reversed.
See 154 Minn. 453, 192 N. W. 348. The receiver then asked the
court to make another assessment, but the request was refused. Be-
fore the appeal was determined, the receiver had commenced actions

against the stockholders to enforce the assessment and to recover for bonus stock. In some instances judgments were obtained and settled at a discount: In other instances settlements were made out of court. In one or two instances the personal representative of a deceased stockholder settled at a discount, In other instances settlements were made out of court. In one or two instances the personal representative of a deceased stockholder settled at a discount, with the approval of the probate court.

The complaints in the receiver's actions combined the cause of action based on the assessment with those for the recovery of the amounts due for bonus stock. In some instances a lump sum was paid in settlement of both causes of action; in others a specific sum was paid to satisfy the claim for bonus stock. In no case did the total payment exceed the amount claimed on account of the bonus stock.

In February, 1925, the court ordered the receiver to refund the money the stockholders had paid in satisfaction of the assessment, but did not direct him to refund money received in payment for bonus stock. The names of the respondents were omitted from the order and none of the money they paid has been refunded.

Counsel for the appellants contends that the order appealed from is erroneous: (1) Because in effect and without cause it sets aside and avoids the settlements made by the respondents; (2) because the money was paid voluntarily; (3) because it was paid in whole or in part to release respondents from their liability for bonus stock.

The order does not annul other orders or judgments or set aside compromise agreements made between the respondents and the receiver. It merely directs how funds under the control of the court shall be disposed of.

There is nothing in the point first mentioned.

The rule that money voluntarily paid with knowledge of the facts, if paid to a person under a claim of right, cannot be recovered back, is not applicable here. The reasons for the rule are best stated in Preston v. Boston, 12 Pick. 7, and in Boston & S. G. Co. v. Boston, 4 Metc. 181, and may be thus summarized: If a party would resist

an unjust demand, he must do so at the threshold. If he can only be reached by a proceeding at law, he is bound to make his defense in the first instance and cannot postpone the litigation by paying the demand and afterwards suing to recover the amount paid. If the rule were otherwise, the privilege would be left to him of selecting his own time and convenience for litigation and he might wait until the evidence on which his adversary relied was lost. See also Dickerman v. Lord & Smith, 21 Iowa, 338, 89 Am. Dec. 579. Moreover the rule should be confined to litigant parties, it being held by courts of equity that if, by mistake of law, money comes into the hands of an officer of the court, he will be ordered to repay it when the mistake is discovered, for the courts ought to set an example to the world by refusing to withhold money from a person who paid it erroneously. Ex parte Simmonds, L. R. 16 Q. B. D. 308; Ex parte James, 9 Ch. App. 609; Carpenter v. Southworth, 91 C. C. A. 378, 165 F. 428.

The court has control of all money in the hands of its receiver and may dispose of it in any manner not inconsistent with the rights of those who have lawful claims upon it. For reasons to be stated presently, the only persons who can have such claims are creditors who gave credit to the corporation after the bonus stock was issued, and their claims are limited to money received in payment for such stock.

A receiver is an officer or representative of the court and is subject to its control. His possession is the possession of the court. Dun. Dig. § 8247. Whatever he does under the order of the court regarding property or money in his hands is the act of the court. He is accountable to the court alone for the performance of his duties. I Tardy's Smith on Receivers, pp. 84, 93; I Clark, Receivers, pp. 25, 26.

Section 9498, G. S. 1923, provides that an appeal to this court may be taken by "the aggrieved party." In view of his relation to the court, the receiver is not aggrieved by the order from which he has appealed. Finch, V. S. & McC. v. LaSueur County Co-op. Co. 134 Minn. 376, 159 N. W. 826. No one but a creditor of the corporation

can be aggrieved by the order. The receiver represents creditors. Dun. Dig. § 2158. He may enforce their rights against stockholders. If there are creditors whose rights are prejudiced by the order, he may appeal.

One to whom stock has been issued as a bonus may be compelled to pay for the stock, if necessary to provide funds for the satisfaction of debts due to subsequent creditors of the corporation. State Bank v. Kenney Band Inst. Co. 143 Minn. 236, 173 N. W. 560. It is impossible to ascertain from the record whether there are creditors who became such after bonus stock was issued. If any there are, they would have a right to object to the return of money actually collected in payment for such stock. The receiver has the money in his possession. The respondents claim it. Their right to have it refunded is conditional and is not available if there are subsequent creditors. On the other hand, the receiver's right to retain the money depends on the existence of subsequent creditors. Respondents ask the court to return the money. They seem to base their request upon the fact that the other stockholders got back the money they paid to the receiver. But it appears that they paid to satisfy an assessment which was subsequently vacated, whereas the respondents paid to satisfy their alleged liability for bonus stock, in addition to discharging the assessment. In a suit by the receiver to compel them to pay for bonus stock, he would have the burden of showing that he represented subsequent creditors, but, now that he has the money, the shoe is on the other foot. When it is essential to the establishment of a claim that a negative should be proved, the burden of proof is on the claimant. Brown v. Farnham, 58 Minn. 499, 60 N. W. 344. To substantiate their claim, respondents, who come asking for affirmative relief, must show that there are no subsequent creditors for whose benefit the receiver may rightfully retain the money.

There should be a rehearing, at which the parties in interest may offer evidence relative to the existence or nonexistence of subsequent creditors of the corporation, the amount of bonus stock issued to respondents, and the amount paid to the receiver therefor.

Order reversed.

On·October 6, 1926, the following opinion was filed:

PER CURIAM.

The petition for a rehearing calls our attention to the fact that the receiver has admitted that the following named persons were entitled to the relief prayed for and that an order might be entered directing him to pay to Mark Elliott the sum of $40.50; to Mary Peters the sum of $12; to Henry Eiden the sum of $7.95; to Louis Gagne the sum of $13.71; and to Peter Gagne the sum of $13.74.

It is ordered that as to the above named persons the order appealed from is affirmed and reversed only as to the other persons who joined in the petition and appealed.