NATIONAL CANCER HOSPITAL OF
AMERICA, Appellant,

v.

Bethuel M. WEBSTER, Appellee.

No. 112, Docket 24758.

United States Court of Appeals
Second Circuit.

Submitted Nov. 22, 1957.

Decided Jan. 20, 1958.

Albert Adams, Ferris, Adams & Creidy, New York City, for appellant.

Whitman Knapp, New York City, David D. Brown, III, New York City, Martin F. Richman, White Plains, N. Y. of counsel, for appellee.

Before HAND, HINCKS and LUMBARD, Circuit Judges.

HAND, Circuit Judge.

This is an appeal from a judgment of Judge Dawson, dismissing the complaint for lack of jurisdiction over the subject matter. The action is based upon diversity of citizenship—the plaintiff being a Michigan corporation and the defendant a citizen of New York; and in summary the facts are as follows. The plaintiff is a charitable corporation which collects funds for a hospital for the treatment and care of persons afflicted by cancer. In June, 1949, it made a contract with a New York corporation, De Haan, Inc., under which that corporation was to collect funds in support of the plaintiff's activities; and through De Haan a large number of contributions were sent to the plaintiff which it remitted to De Haan or deposited in New York banks. While this was going on the State of New York in 1950 filed an action against the plaintiff, De Haan, Inc., and others to forbid any further solicitation on the ground that, although the plaintiff had no certificate of authority to do business within the state, it was doing business contrary to the state laws governing foreign corporations. In July, 1953, this action came on for trial in the New York Supreme Court and during the trial the State demanded the appointment of a receiver in addition to its original demand for an injunction. In accordance with this demand the state court appointed the defendant a receiver of all the plaintiff's assets in New York and directed him after paying all debts and expenses of administration to distribute all funds he collected "cy pres to cancer organizations upon application of the Receiver to this Court for approval of any such recommended distribution." On appeal to the Appellate Division of the Supreme Court (People v. National Cancer Hospital of America, 284 App. Div. 935, 135 N.Y.S.2d 619; Id., 285 App.Div. 871, 137 N.Y.S.2d 827) the provision just quoted was modified by substituting an order that an "application for specific cy pres distribution in accordance with the applicable provisions of Section 12, subdivisions 2 and 4, Personal Property Law, may be made at the appropriate time," and the judgment as so modified, was affirmed by the Court of Appeals (1 N.Y.2d 802, 153 N.Y.S.2d 63).

On February 13, 1957, the state court directed the receiver to distribute $55,000 of the money he had seized to specified cancer institutions and that order is now on appeal to the Appellate Division. The action at bar was begun on June 11, 1957, demanding as relief a declaratory judgment that the assets in the hands of the receiver were property of the plaintiff. (Included as part of the property seized is an action brought by the plaintiff against De Haan, Inc., for an accounting.) The complaint also demanded an injunction forbidding the defendant from disposing of the property seized and an order directing him to turn it over to the plaintiff.

So far as concerns the demand for an injunction, to say nothing of a surrender of the *res* to the plaintiff, the decision of the Supreme Court in United States v. Bank of New York, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331, is a complete answer. At page 478 of 296 U.S., at page 347 of 56 S.Ct. the Court gave as its reason for denying a similar demand: "the object of the suits is to take the property from the depositories and from the control of the state court, and to vest the property in the United States to the exclusion of all those whose claims are being adjudicated in the state proceedings." The prayer for declaratory judgment that all the assets in the possession of the defendant are property of the plaintiff depends upon § 400 of

Title 28, U.S.C.* which has for its progenitor the old bill in equity to "quiet title" or the bill *quia timet*, and, like these, it lies in the court's discretion whether to entertain it.[1] As Judge Parker well said in Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324, the discretion "should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction. The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into federal courts the adjudication of causes properly cognizable by courts of the states." See also Judge Hastie in H. J. Heinz Co. v. Owens, 9 Cir., 189 F.2d 505, 508 that it is a "perversion of the purpose of declaratory judgment legislation * * * when it is used to anticipate the result of litigation pending in another forum or to reëxamine what has been there decided."

■■ The complaint in the action at bar contained nothing to justify the exercise of Judge Dawson's discretion in the plaintiff's favor. It alleged no more than that all further decisions or orders of the state court would be unlawful because the property of the plaintiff was immune from distribution to anyone but itself, and in addition that the order of distribution cy pres, already made, was erroneous. These issues of law are open for decision in the state action, and the complaint at bar is no more than an effort to use the District Court to review decisions already made by the state court, or to substitute that court for the state court in the decision of such issues as it had not decided. A defendant's right of access to a federal court in an action brought against him can be asserted only by removal; and this the plaintiff at bar attempted unsuccessfully. An action under § 400 of Title 28 U.S.C. is not the equivalent of a removal, and must satisfy the conditions imposed upon such actions.

■ We do not think it necessary to decide the question whether plaintiff's action against De Haan was "vested" in the receiver under § 977–b(19) of the New York Civil Practice Act. That action was to compel De Haan to repay to the plaintiff money which De Haan had withheld out of its collections, fraudulently, as the plaintiff alleged. It will be decided in the state action in whom that action is "vested," and all we need hold, and do hold, is that it was not a factor that should have entered into Judge Dawson's discretion in deciding whether to entertain the case at bar, and that is equally true even though any declaration in the case at bar were limited to the "possession" of the De Haan action alone.

Judgment affirmed.

* Now 28 U.S.C.A. §§ 2201, 2202.

1. Brillhart v. Excess Insurance Co., 316 U.S. 491, 494–496, 62 S.Ct. 1173, 86 L. Ed. 1620; Western Supplies v. Freeman, 6 Cir., 109 F.2d 693, 695; Carbide &

Carbon Chemical Corp. v. United States Industrial Chemical Inc., 4 Cir., 140 F. 2d 47, 49; McLain v. Lance, 5 Cir., 146 F.2d 341, 345, 346; Borchard, Declaratory Judgments, pp. 302, 303.