**William H. CHRISTMAN, Plaintiff,**

v.

**COMMONWEALTH OF PENNSYLVA-NIA** [1] **and Gerald S. Lesher, Esq., Defendants.**

**Civ. A. No. 67–984.**

United States District Court
W. D. Pennsylvania.

Nov. 13, 1967.

William H. Christman, pro se.

Gerald S. Lesher, Pittsburgh, Pa., pro se.

## OPINION AND ORDER

MARSH, District Judge.

The plaintiff, William H. Christman, a state prisoner serving a life sentence for murder, brought an action under the Civil Rights Act, § 1983, Title 42 U.S.C.A., against his appointed counsel, Gerald S. Lesher, Esq., alleging that he has been denied due process and equal protection of the law under color of state law. He avers that in a habeas corpus proceeding in the Common Pleas Court of Allegheny County, Pennsylvania, the defendant attorney was guilty of fraud and misconduct. The fraud and misconduct allegedly consisted of certain statements and a citation [2] contained in a brief prepared by the defendant and

---

1. The complaint against the Commonwealth of Pennsylvania was dismissed by order of September 14, 1967, 272 F.Supp. 805.

2. Martin v. United States, 182 F.2d 225 (5th Cir. 1950).

submitted to the habeas court in behalf of the plaintiff.[3] The Court had ordered briefs.

The defendant moved to dismiss the complaint, inter alia, on the ground that it fails to state a cause of action upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P. Brief written statements were ordered pursuant to Rule 78, Fed.R.Civ.P. In our opinion the complaint should be dismissed.

■ The Civil Rights Act prescribes two elements as requisite for recovery: (1) The conduct complained of must have been done by some person acting under color of state or local law; and (2) such conduct must have subjected the plaintiff to a deprivation of rights, privileges or immunities secured to him by the Constitution and laws of the United States. In the instant action, plaintiff has not met either requirement.

■■ The status of an attorney appointed by a state court to represent a relator in a habeas corpus action, although he is an officer of the court, does not make him an officer of the Commonwealth of Pennsylvania or of any governmental subdivision thereof. He is just another private individual for purposes of § 1983, and a professional act done by him while representing the relator in such habeas corpus action cannot be considered an act done under color of state authority.

■ With regard to the second requirement, none of the plaintiff's constitutional rights have been invaded by the defendant. The only allegations of fact are doubtful charges of negligence and breach of professional ethics, neither of which constitutes a denial of due process or equal protection or any other right protected by the Constitution and laws of the United States. Cf. Johnson v. Kreider, 264 F.Supp. 188 (M.D.Pa.

1967); Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa.1967); Kregger v. Posner, 248 F.Supp. 804 (E.D.Mich.1966); Pugliano v. Staziak, 231 F.Supp. 347, 351 (W.D.Pa.1964), aff'd 345 F.2d 797 (3rd Cir. 1965); Rhodes v. Meyer, 225 F. Supp. 80, 93–94 (D.Neb.1963). It is clear that redress for negligence by an attorney as a private individual must be sought in the state courts, absent diversity of citizenship [4] and a federal question.

An appropriate order will be entered.

---

3. Although we refrain from passing on the merits of the complaint, it is difficult to see any substance whatsoever to the plaintiff's claim for damages. Nothing appears which would sustain a claim of ineffective assistance of counsel. Indeed, the brief prepared by Attorney Lesher, attached to the complaint, appears to be of the highest quality.

4. In plaintiff's Petition for Issuance of a Supersedeas to the Supreme Court of Pennsylvania, he avers that he is a citizen of Pennsylvania.