**William E. DREXLER, Plaintiff,**

v.

**Joe A. WALTERS, Individually, and as Referee and Receiver, James P. Rorris and Robert W. Dygert, and Dygert and Gunn, a partnership, and Faye V. Peterson, Defendants.**

**No. 4–67 Civ. 390.**

United States District Court
D. Minnesota,
Fourth Div.
Sept. 23, 1968.

Jerome Daly, Savage Minn., for plaintiff.

Thomas A. Keller, III, Minneapolis, Minn., for defendant Joe A. Walters.

Harold J. Carroll, Minneapolis, Minn., for defendant James P. Rorris.

Melvin D. Heckt, Minneapolis, Minn., for defendants Robert W. Dygert and Dygert & Gunn, Minneapolis, Minn., a partnership.

Robert W. Dygert, Esq., Minneapolis, Minn., for defendant Faye V. Peterson.

NEVILLE, District Judge.

This matter is before the court on the defendants' motion to dismiss. The complaint, though somewhat unclear and generally conclusionary, attempts to state a claim for relief under the Civil Rights Act, 42 U.S.C. § 1983. For reasons stated below, the motions to dismiss as to all defendants are granted.

The complaint alleges that defendant Joe A. Walters, acting as Referee and Receiver by appointment of the District Court, Hennepin County, State of Minnesota in a divorce action pending in that court entitled Peterson v. Peterson (#566224), together with defendant Faye V. Peterson and her attorneys, James P. Rorris and Robert W. Dygert,

did wrongfully invade plaintiff's mailbox and take away plaintiff's mail therefrom under color of State law. This conduct is alleged to have violated plaintiff's constitutional rights as protected by the Civil Rights Act. Plaintiff seeks both injunctive relief and recovery of damages.

By motion, defendants contend that the complaint fails to state a claim upon which relief can be granted, that this court lacks jurisdiction over the subject matter, that the allegations of the complaint are sham and frivolous and that the events complained of were done pursuant to, and are hence an improper and unwarranted attack upon, the orders of the Minnesota district court.[1]

From the pleadings and records it appears that plaintiff was attorney for one Palmer A Peterson, a practicing physician and surgeon, who became a defendant in a State court divorce action brought by his wife, defendant Faye V. Peterson, who was represented by defendants Rorris and Dygert as attorneys. Apparently after rather lengthy proceedings, the Hennepin County District Court in which that action was pending appointed defendant Walters Receiver of all the personal estate of Palmer A. Peterson and also appointed him Referee. The court's order, dated January 11, 1965 recited that Walters should have "all the power and authority of a Receiver under the statutes and common law of Minnesota" and as Referee should have "all the power and authority granted by [Rule 53 of the Minnesota Rules of Civil Procedure] or any other applicable rules or statutes of the State of Minnesota."

Specifically the court empowered the Receiver as follows:

"3. That without limiting the powers, duties and authorities above

granted to said Receiver and Referee, he is specifically authorized and directed as follows:

(a) Said Receiver and Referee shall forthwith take into his possession all of the financial records of the defendant, Palmer A. Peterson, including, but not by way of limitation, all of said defendant's books of account, daily or other records of patients seen and services rendered, account receivable records, duplicate deposit records, bank and savings account records, and records of securities.

(b) Said Receiver and Referee shall proceed with all reasonable dispatch to collect all accounts receivable of defendant, Palmer A. Peterson, and to take whatever legal or other action may be deemed necessary or advisable to enforce collection thereof.

(c) Said Receiver and Referee shall take into his possession all securities held by defendant, Palmer A. Peterson, or in his name, and all bank or savings accounts in his name or under his control in any domestic or foreign banks, savings and loan associations or other financial institutions.

(d) Said Receiver and Referee shall make such investigation, inconcluding the issuing of subpoenas and the taking of testimony of any witnesses if deemed by him to be appropriate, as he may deem necessary and advisable to ascertain the nature and amount of the personal estate of the defendant, Palmer A. Peterson.

(e) Upon receiving any assets of value, said Receiver and Referee shall apply to this Court for its further Order fixing his bond. Un-

---

1. A motion against defendant Walters, against Judge Stanley Kane of the Hennepin County district court and against the St. Paul Postmaster for return of the mail and for a temporary injunction preventing those parties from further invasions of the mailbox was denied on April 9, 1965 by Judge Gunnar H. Nordbye of this court on the grounds that the appropriate remedy for any violations of plaintiff's rights was by way of appeal to the Minnesota Supreme Court.

til said Receiver and Referee receives any property of monetary value, no bond shall be required."

Pursuant to his appointment, Walters sequestered the personal estate of Palmer A. Peterson. In doing so he subpoenaed Sigurd A. Bertelsen, Postmaster, St. Paul, and all the contents of Airport Post Office Box #1503 which was in plaintiff's name, but allegedly used by Palmer Peterson, plaintiff's client, as a reception point for his medical patients' accounts receivable which Peterson allegedly desired to keep hidden because of the State court's alimony order. On March 23, 1965 (following a hearing on February 17, 1965), Judge Kane ordered that all mail accumulated to that date be opened and the payments on Peterson's accounts receivable be turned over to the Receiver. This apparently was done. These actions constitute the gravamen of plaintiff's present complaint.

Since plaintiff claims both injunctive relief and recovery of damages, several questions are presented.

*Claim for Damages Against Walters*

■ The motion to dismiss plaintiff's complaint as against defendant Walters, as Referee and Receiver must be granted on the ground that the complaint fails to state a claim upon which relief can be granted. Fed.R. Civ.P. 12 (b) (6). Plaintiff's complaint (Paragraph IV) affirmatively alleges that defendant Walters "is and has been acting as a Referee and Receiver of the District Court, Hennepin County, State of Minnesota." Plaintiff further alleges that defendant committed the specific acts complained of while acting in those capacities (Paragraph VII). As against an officer of the Minnesota State Courts, this court can grant no relief, injunctive or for damages, and hence the complaint is dismissed as to Walters.

■ It is the rule in Minnesota that a receiver is an officer or representative of the court which appointed him subject to the control of that court. Peterson v. Darelius, 168 Minn. 365, 368, 210 N.W. 38, 39 (1926). Likewise, a referee is a subordinate of the appointing court. See Carson v. Smith, 5 Minn. 78 (1860).

■ Further, Minnesota courts have long recognized the rule that judges and those acting in a judicial or quasi-judicial[2] capacity are immune from civil liability for damages. The policy behind the rule is to insure that such officers will act upon their convictions free from any apprehension of possible consequences. Cf. Gammel v. Ernst and Ernst, 245 Minn. 249, 72 N.W. 2d 364, 368, 54 A.L.R.2d 316 (1955). The desirability of such freedom of judicial action applies equally to court-appointed referees and receivers, and brings them within the cloak of judicial immunity.

■■ Plaintiff does not allege that defendant Walters acted beyond the scope of his appointment as referee and receiver, nor does he allege that the Hennepin County District Court was without jurisdiction over the subject matter of the lawsuit for which Walters was appointed. In any event, and even if he had, the shield of judicial immunity has been held to extend to all judicial and quasi-judicial acts, however erroneous. Roerig v. Houghton, 144 Minn. 231, 175 N.W. 542 (1919). Any other

2. Hoppe v. Klapperich, 224 Minn. 224, 28 N.W.2d 780, 173 A.L.R. 819 (1947) (municipal judge); Roerig v. Houghton, 144 Minn. 231, 175 N.W. 542 (1919) (building inspector); Melady v. South St. Paul Live Stock Exchange, 142 Minn. 194, 171 N.W. 806 (1919) (board of directors of certain corporations); Murray v. Mills, 56 Minn. 75, 57 N.W. 324 (1894) (justice of the peace); Stewart v. Case, 53 Minn. 62, 54 N.W. 938 (1893) (tax assessor). See also Alzua v. Johnson, 231 U.S. 106, 34 S.Ct. 27, 58 L.Ed. 142 (1913); Bradley v. Fisher, 13 Wall. (80 U.S.) 335, 20 L.Ed. 646 (1871); Meredith v. Van Oosterhout, 286 F.2d 216 (8th Cir. 1960) cert. denied 365 U.S. 835, 81 S.Ct. 749, 5 L.Ed. 2d 745; Linder v. Foster, 209 Minn. 43, 295 N.W. 299 (1940) (court commissioner).

rule would render ineffective the policy behind the immunity. The gravamen of plaintiff's complaint is that the allegedly wrongful acts of the defendants were in violation of his civil rights in contravention of 42 U.S.C. § 1983; and that this court has jurisdiction to award relief under 28 U.S.C. § 1343. These statutes do not disturb and create any exception to the rule of judicial immunity.[3]

As the Supreme Court has recognized, the legislative history of the Civil Rights Act gives no indication that Congress meant to abolish wholesale all common law immunities. In the absence of such clear intent the court will not presume one. As the Supreme Court has broadly stated:

"This court early held that judges of courts of superior or general authority are absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts are alleged to have been performed, Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646, and that a like immunity extends to other officers of government whose duties are related to the judicial process." Barr v. Mateo, 360 U.S. 564, 569, 79 S.Ct. 1335, 1338, 3 L.Ed.2d 1434. (1959).

Against such immunity, there is no claim for damages here upon which relief can be granted against defendant Walters.

### Claim for Damages Against Defendants Other Than Walters

 The motion to dismiss as against the other defendants must be granted. It is clear from the recent federal decisions that attorneys who participate in state court litigation are not acting under color of state law.[4] The attorney's status as an officer of the court does not make him an officer of the state within Section 1983 of the Civil Rights Act.[5] The court believes this rule is controlling here and thus plaintiff's complaint for damages against all defendants must be dismissed on this ground. Further, the defendant Faye v. Peterson the plaintiff in the divorce case clearly is not a state officer or acting under color of any statute * * * of any state.

3. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Rhodes v. Meyer, 334 F.2d 709 (8th Cir. 1964), cert. denied 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186; Saier v. State Bar of Michigan, 293 F.2d 756 (6th Cir. 1961), cert. denied 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343; Tate v. Arnold, 223 F.2d 782 (8th Cir. 1955); Cawley v. Warren, 216 F.2d 74 (7th Cir. 1954); Francis v. Crafts, 203 F.2d 809 (1st Cir. 1953), cert. denied 346 U.S. 835, 74 S.Ct. 43, 98 L.Ed. 357; Mackay v. Nesbett, 285 F.Supp. 498 (D.Alas.1968); Gilland v. Hyder, 278 F.Supp. 189 (E.D.Tenn. 1967); Rhodes v. Houston, 202 F.Supp. 624 (D.Neb.1962), affirmed 309 F.2d 959 (8th Cir.), cert. denied, 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963). See especially Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966) and cases cited therein.

4. Meier v. State Farm Mutual Auto Ins. Co., 356 F.2d 504 (7th Cir.)., cert. denied 385 U.S. 875, 87 S.Ct. 151, 17 L.Ed. 2d 102 (1966); Byrne v. Kysar, 347 F.2d 734 (7th Cir.), cert. denied 384 U.S. 914, 86 S.Ct. 1348, 16 L.Ed.2d 367 (1965); Rhodes v. Meyer, 225 F.Supp. 80, 107 (D.Neb.1963), aff'd, 334 F.2d 709 (8th Cir. 1964), cert. denied 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1965); Sarelas v. Porikos, 320 F.2d 827 (7th Cir. 1963), cert. denied 375 U.S. 985, 84 S.Ct. 519, 11 L.Ed.2d 473 (1964); Skolnick v. Spolar, 317 F.2d 857 (7th Cir. 1963), cert. denied 375 U.S. 904, 84 S.Ct. 195, 11 L.Ed.2d 145 (1964); Skolnick v. Martin, 317 F.2d 855 (7th Cir. 1963); Bottone v. Lindsley, 170 F.2d 705 (10th Cir. 1948); Kenney v. Fox, 232 F.2d 288 (6th Cir. 1956); Reinke v. Richardson, 279 F. Supp. 155 (E.D.Wis.1968); Christman v. Commonwealth of Pa., 275 F.Supp. 434 (W.D.Pa.1967); Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa.1967).

5. Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa.1964), aff'd 345 F.2d 797 (3rd Cir. 1965); Kregger v. Posner, 248 F. Supp. 804 (E.D.Mich.1966).

**156**

### Request for Injunctive Relief Against All Defendants

Plaintiff in addition to claiming damages, asks this court to enjoin all defendants from interfering in any way with his airport mailbox #1503 and for a permanent injunction upon the merits. The court believes that plaintiff's remedy, if any, is by way of appeal to the Minnesota Supreme Court, but further is of the opinion that such relief in this court is precluded by 28 U.S.C. § 2283, 1 Stat. 335 (1793).

The pleaded facts in this case well illustrate the purpose of the statute. Originally adopted in 1793 (Act of March 2, 1793), it has been continued in effect by the 1948 Judicial Code Revision. 62 Stat. 968, 28 U.S.C. § 2283. Its purpose is to prevent use of Federal jurisdiction for the purpose of staying or interfering with proceedings currently pending in the state courts. The section is comprehensive in scope and applies to all steps taken by or which may be taken by the state court and by its ministerial officers and to any proceeding supplementary or ancillary taken with a view to making the suit or judgment effective. Hill v. Martin, 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293 (1935).

As applied in receivership cases, the rule is that Federal courts will not interfere with state court custody of property. Hutchinson v. Green, C.C., 6 F. 833 (1881); National Cancer Hospital of America v. Webster, 251 F.2d 466 (2d Cir. 1958). This rule is based not only on the statutory mandate which is itself merely a codification of the concept of comity, but also on a recognition of the very nature of the federal system. Thus the possession is the possession of the court that appointed the receiver and should not be divested by the court of coordinate jurisdiction. Bruce v. Manchester and Ky. R.R., C.C., 19 F. 342 (1884).

Further, the great weight of authority holds that the Civil Rights Act upon which plaintiff bases his claim for relief, 42 U.S.C. § 1983, does not authorize an injunction interfering with a state court proceeding.[6]

The statute cannot be avoided by seeking, as plaintiff has done, to enjoin a party where litigation has been undertaken rather than by directly enjoining the state court.[7]

Thus since neither a suit for damages nor injunctive relief will lie against any of the defendants, as a matter of law, the

6. See Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Norwood v. Parenteau, 228 F.2d 148 (8th Cir. 1955), cert. denied 351 U.S. 955, 76 S.Ct. 852, 100 L.Ed. 1478 (1956); Mackay v. Nesbett, 285 F.Supp. 498 (D.Alas.1968); Sheridan v. Garrison, 273 F.Supp. 673 (E.D.La.1967); Sarisohn v. Appellate Division, Second Department, Supreme Court of New York, 265 F.Supp. 455 (S.D.N.Y.1967); Brock v. Schiro, 264 F.Supp. 330 (E.D.La. 1967); Stevens v. Frick, 259 F.Supp. 654 (S.D.N.Y.1966), aff'd, 372 F.2d 378 (2d Cir. 1967), cert. denied 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 973; Chaffee v. Johnson, 229 F.Supp. 445 (S.D.Miss. 1964), aff'd, 352 F.2d 514 (5th Cir.) cert. denied 384 U.S. 956, 86 S.Ct. 1582, 16 L.Ed.2d 553 (1966); Island Steamship Lines v. Glennon, 178 F.Supp. 292 (D.Mass.1959). While the Supreme Court has left the specific question open, see Cameron v. Johnson, 381 U.S. 741,

85 S.Ct. 1751, 14 L.Ed.2d 715 (1965); Dombrowski v. Pfister, 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 14 L.Ed.2d 22, a majority of the circuits have held that 42 U.S.C. § 1983 does not create an exception to 28 U.S.C. § 2283. Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964) cert. denied, sub. nom. Chase v. McCain, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965); Smith v. Village of Lansing, 241 F.2d 856 (7th Cir. 1957); Sexton v. Barry, 233 F.2d 220 (6th Cir. 1956), cert. denied 352 U.S. 870, 77 S.Ct. 94, 1 L.Ed.2d 76. Contra Cooper v. Hutchinson, 184 F.2d 119 (3rd Cir. 1950).

7. Oklahoma Packing Co. v. Oklahoma Gas and Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447, 537 (1939); Furnish v. Board of Medical Examiners, 257 F.2d 520 (9th Cir.), cert. denied 358 U.S. 882, 79 S.Ct. 123, 3 L.Ed.2d 111 (1958); H. J. Heinz Co. v. Owens, 189

motions to dismiss must be and hereby are granted.

Apart from all of the above grounds, the court has serious reservation as to whether this plaintiff has standing to raise the issue of defendants' conduct insofar as defendants are claimed to have wrongfully entered the mail box for the purpose of seizing the mail of plaintiff's client, Palmer Peterson. Plaintiff in effect claims that his civil rights are violated by the seizure of Palmer Peterson's mail. Plaintiff's principal claims in interest are that the box was in his name and that he had an attorney's lien on the mail therein. It is most difficult to see how any violation of either of these interests could state a cause of action under the Civil Rights Act. The court need not decide this question, however, in view of the earlier rulings above.

A separate order of dismissal has been entered herein.

F.2d 505 (9th Cir. 1951), cert. denied 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1952); Ballard v. Mutual Life Ins. Co. of New York, 109 F.2d 388 (5th Cir. 1940); Javelin Oil Co. v. T. C. Morrow Drilling Co., 266 F.Supp. 119 (W.D.La.1967); Rockefeller v. First Nat'l Bank of Brunswick, 154 F.Supp. 122 (S.D.Ga.1957). As expressed by Judge Nordbye in a related case [Peterson v. Kane, 4–65 Civ. 91, decided April 9, 1965], "If the state court has erred, plaintiff's remedy is by way of appeal to the Supreme Court of Minnesota and not by way of a collateral attack on such proceedings in an action of this kind in a United States District Court."