James C. WARDROP, Plaintiff,

v.

George ROSS, Director, Public Defender's Office, Allegheny County, Pittsburgh, Pennsylvania, et al., Defendants.

Civ. A. No. 70-666.

United States District Court,
W. D. Pennsylvania.

Nov. 9, 1970.

## OPINION

ROSENBERG, District Judge.

The plaintiff, James C. Wardrop, has presented pro se a "Motion for Reconsideration," a "Motion for Leave to Amend Caption of Complaint," an "Amended Complaint," and a "Motion for Reinstatement of in Forma Pauperis and Other Motions." The essence of the amended complaint is a civil rights action in which the plaintiff seeks special and punitive damages from his appointed counsel.

By Order dated November 5, 1970, I denied the plaintiff's "Motion for Reconsideration and the Reinstatement of Prior Motions" for failure to comply with the October 9, 1970 mandate of the United States Court of Appeals for the Third Circuit, Wardrop v. Brierley, 432 F.2d 1049, affirming a prior dismissal of the plaintiff's suit "without prejudice to the filing of a more particular and precise complaint."

The plaintiff has filed a "Motion for Reconsideration" as the same relates to his amended complaint and a "Motion for Leave to Amend Caption of Complaint" so as to eliminate George Ross, Director, Public Defender's Office, Allegheny County, Pittsburgh, Pennsylvania, as a defendant. The "Motion for Leave to Amend Caption of Complaint" will be granted.

In his amended complaint, the plaintiff alleges that on October 29, 1969, the Court of Common Pleas of Allegheny County, Pennsylvania, directed the Office of the Public Defender to represent the plaintiff in his appeal to the Superior Court of Pennsylvania. The defendant, John J. Dean, of the Office of the Public Defender was assigned to conduct the litigation before the Superior Court. In his amended complaint, the plaintiff alleges that the defendant refused to confer with him regarding the conduct of the appeal, and that as a result the brief submitted to the Court on the plaintiff's behalf was deficient in certain matters which the plaintiff believed should have been raised on appeal.

It is provided in 42 U.S.C. § 1983 that "Every person who, under color of any statute, ordinance, regulation, custom, or usage * * * subjects, or caused to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ The Civil Rights Act was enacted to protect individuals against invasions of federally insured rights through the mis-use or abuse of power derived from the state. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Kletschka v. Driver, 411 F.2d 436, C.A.2, 1969; United States ex rel. Diamond v. Social Service Dept., 263 F.Supp. 971 (E.D.Pa.1967). It is designed to insure individuals from violations of their rights by those who are in positions of authority.

■■ While an attorney participating in litigation is an officer of the court, in that capacity, he is not acting under color of state law. Drexler v. Walters, 290 F.Supp. 150 (D.C.Minn. 1968); Christman v. Commonwealth, 275 F.Supp. 434 (W.D.Pa.1967); Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa.1967). Accordingly, as a Civil Rights Complaint, the plaintiff's amended complaint fails to state a claim upon which the jurisdiction of this court may properly be invoked. Therefore, it must be dismissed.

■ The petitioner, however, has raised in his amended complaint several grounds which would be appropriately raised in a habeas corpus petition. I shall, therefore, consider it as such. But, even considered as a habeas corpus petition, the petitioner has failed to exhaust the remedies available to him in the state courts. United States ex rel. Bennett v. Rundle, 419 F.2d 599, C.A.3, 1969; United States ex rel. Fletcher v. Maroney, 413 F.2d 16, C.A.3, 1969. Accordingly, as a habeas corpus petition, his complaint is premature and must also be dismissed. A certificate of probable cause will be denied.

Finally, the plaintiff has filed a "Motion for Reinstatement of in Forma Pauperis and Other Motions" whereby he seeks reinstatement of his "Petition for Leave to Proceed in Forma Pauperis," a "Petition for Appointment of Counsel," and a "Motion to Restrain Wallace S. Gourley, SDJ, from Participating in the Adjudication of this Case." These will be denied. The Clerk of Court, however, will be directed to file these petitions and motions without payment of filing fees.