**FIREMAN'S FUND INSURANCE COMPANY, Plaintiff,**

v.

**ST. PAUL FIRE AND MARINE INSUR-ANCE COMPANY and Commodity Credit Corporation, Defendants.**

**No. 4–72 Civ. 311.**

United States District Court,
D. Minnesota,
Fourth Division.

April 10, 1973.

Erickson, Zierke, Kuderer & Utermarck, by Charles R. Zierke, Fairmont, Minn., Fisher, Patterson, Sayler & Smith, by C. K. Sayler, Topeka, Kan., for plaintiff.

Meagher, Geer, Markham, Anderson, Flaskamp, & Brennan, by W. D. Flaskamp and James F. Roegge, Minneapolis, Minn., for defendant St. Paul Fire and Marine Ins. Co., Robert G. Renner, U. S. Atty., by Thorwald H. Anderson, Asst. U. S. Atty., for Commodity Credit Corp.

NEVILLE, District Judge.

The defendant St. Paul Fire and Marine Insurance Company (St. Paul) issued a bond or bonds in form required by Minnesota statute against the failure of a non-party grain elevator, Lafayette Farm Service, Inc. of Nicollet County,

Minnesota, which is now in receivership under the jurisdiction of the Minnesota State district court in Nicollet County, Minnesota. Plaintiff in this action (Fireman's) insured the federal Commodity Credit Corporation (CCC) against loss in its dealings with the now defunct elevator and has paid CCC some $167,468.00 in full of this obligation. CCC also has asserted an additional claim against the now defunct elevator and therefore against the bond of defendant St. Paul. CCC has advantaged itself of the jurisdictional exclusivity provision of 15 U.S.C. § 714b(c) and has steadfastly refused to submit its claim to adjudication in the State court despite the institution in the same State court as is handling the receivership of a separate declaratory judgment or interpleader action brought by St. Paul against some 14 claimants against it on its bond or bonds.

Plaintiff argues that it is subrogated to CCC's rights against St. Paul. CCC having settled its claim with St. Paul and withdrawn its cross claim thereby removes it from this case and from the rigid necessity that this court must continue maintaining jurisdiction. Plaintiff does not appear to have a claim against CCC because its claim is based upon the subrogation rights it allegedly had against St. Paul as a result of its payment to CCC.

Jurisdiction in this court is claimed to be based upon diversity and the involvement of a federal agency. Such would in fact appear to exist.

The present parties and a rather large number of other individuals including farmers have claims against either or both the elevator receivership assets or St. Paul and are involved in one or more pieces of litigation before the Minnesota State Court for Nicollet County. That action is said to be nearly to trial. Since the withdrawal of CCC from the action, the only questions remaining are principally ones of state law. There is no question but that the state court can now grant full relief applying, to the extent applicable, federal law. The state court has taken jurisdiction over the assets of the receivership and is proceeding toward trial in the St. Paul's interpleader or declaratory judgment action before it. This court can see no virtue in truncating litigation involving identical parties and issues under identical facts. Such a decision would only cause unnecessary and inefficient expenditure of all too limited judicial resources. Further, were all of the parties who now are before the Minnesota court in Nicollet county brought or attempted to be brought before this court by removal, diversity jurisdiction would likely not lie. This reasoning is the essence of the rationale behind the order in which Chief Judge Devitt of this district dismissed an action similar to this in 1971 arising out of the same Lafayette grain elevator failure and receivership. Fireman's Fund Ins. Co. v. St. Paul Fire and Marine Ins. Co., 3–70 Civ. 364 (D.Minn. Mar. 29, 1971).

Even though jurisdiction lies with this court, there is a strong federal policy of abstention against interfering with state judicial proceedings, including receiverships. Exchange National Bank v. Abramson, 295 F.Supp. 87 (D.Minn.1969). So a federal court will stay its hand and not attempt to preempt jurisdiction of receivership assets over which competent state courts previously have taken custody. Id., Drexler v. Walters, 290 F.Supp. 150 (D.Minn. 1968).

Similarly there is no sound reason why this court should attempt to determine certain select issues when all the other and the broader issues are before a State court with jurisdiction.

For the above reasons, defendant's motion to dismiss should be granted and plaintiff's motion mooted in this court but without prejudice in any way to the position or contentions of the parties in the Minnesota State Court.